## LEVENS *v.* SMITH.

1. Under the decision of this court in *Montgomery* v. *Hunt*, 93 *Ga.* 438, the defendant in an action upon a promissory note payable to the plaintiff or bearer is entitled to open and conclude, when by his plea he admits the execution of the note sued on and that the plaintiff is the legal holder of the same.
2. There was no error in overruling an objection to the admissibility of evidence on the ground that "there was better evidence," it not being stated, at the time of making the objection, of what the "better evidence" consisted.
3. The verdict for the defendant upon his plea of recoupment being palpably wrong, in that the sum found was totally unwarranted by the evidence, the certiorari ought to have been sustained and a new trial ordered.

Submitted June 28, — Decided August 5, 1897.

Certiorari. Before Judge Harris. Heard superior court. September term, 1896.

Levens sued Smith upon a note for $50, dated September 24, 1895, and due on November 1, after date. Defendant pleaded, that the note was given for an engine bought for the purpose of ginning and running in the season of 1894 especially, and such other work as defendant might desire; that plaintiff, at and before the sale of the engine, knew it was intended to be used for the purpose especially of pulling a fifty-saw gin to be run for public custom; that said engine was entirely unfit and not reasonably suited to the use intended; that after great labor and expense in trying to use the engine for said purpose, defendant was compelled to set it aside, to his damage $100; and that the engine was totally worthless to him. Further, that plaintiff guaranteed to him that the engine would do the work of ginning as aforesaid, and agreed and promised that if it did not do the work in a satisfactory manner, the sale of it should be considered canceled and defendant's obligation returned; that it is and was at the time of said contract of purchase utterly worthless for the purpose intended, and could never be used therefor; and that he expended upon it great labor and mechanic's hire, and time, wood and other expenses, to the amount of $100, for which he prays judgment by way of recoupment. Further, that plaintiff represented that the engine would easily run a fifty-saw gin of the Hall make, and that it was reasonably suited for the purpose of ginning cotton; but it was not reasonably suited for said purpose and was totally worthless; and defendant notified plaintiff of its worthlessness, and tendered it back to him. Further, that said representation was false and known so to be by plaintiff at the time; and hence the note was obtained by fraud.

At the trial, on appeal to a jury in a justice's court, the defendant amended his pleading by admitting that he executed the note, and that plaintiff was the legal owner and holder of it; and thereupon defendant was allowed, over objection, to open and conclude argument.

Defendant testified that the consideration of the note was a part of the purchase-money for an engine therein described, and that he was to pay $150 in three payments of $50 each

31

for the engine. Plaintiff moved to rule out the statement as to what defendant was to pay, because there was better evidence of the fact. The motion was overruled.

The jury found "for the defendant twenty-five dollars damage, and all costs of suit." By certiorari plaintiff assigned error on the two rulings before stated; and alleged that this verdict was contrary to law and evidence. The certiorari was overruled.

Defendant Smith testified: Levens told him he would guarantee that the engine would pull a fifty-saw gin, and if it did not, he need not take it. Tried it, found it would not steam, and only ginned four bales of cotton; burned up about $6 worth of wood, $10 per month for hands, Stallings 3 days, Holloway 2 weeks. Was not a machinist, nor were any of those who tried to fire the engine. Holloway, Stallings and others tried to run it. Hired Stallings for 2 or 3 days, and other hands for about 10 days, at $1 per day. After trying the engine and it failed to work, laid it aside but never notified plaintiff. Plaintiff came in December after his money, but defendant refused to pay it, because the engine would not pull the gin. Kept the engine under shelter about 2 weeks. It leaked in crown-sheet. Not experienced in running machinery. Got another engine from Denny. Never offered the property back to plaintiff. Levens said he wanted to start the engine to running for me. When he came, note had been due one month. Saw the engine seven years ago; something wrong then; he knew it was old, and he was getting it at reduced price.

Stallings testified: Tried to run the engine at the start, and found it would not steam; gave it sufficient trial; was not an expert machinist; was a practicing physician; diagnosed the case properly. Smith and I tried to fix the engine. Don't know capacity of the pump.

Hicks testified: Worked at the gin for Smith. We could not get the engine to pull the gin. Was not an expert machinist, nor was any of the other hands that tried to run it. Afterwards went for Smith to notify Levens, but did not find and did not notify him.

McCalpin testified: Defendant told plaintiff when he came

for his money, he would pay it if the engine would run; and plaintiff said he could get Spratlins, but defendant did not agree.

Holloway testified: Tried to run the engine for two or three days, but found the thing would not pull the engine, and the reason it would not was because the thing was worn out. Was not an expert machinist; knew very little about an engine.

Plaintiff testified: The contract of sale was, that he guaranteed the engine to pull a fifty-saw gin, provided defendant would come and get him to regulate the engine and start it; but did not guarantee that a person that knew nothing about machinery could run it. Defendant did not come to get him to start it. The engine was all right at the time Smith got it, and a person that knew how to run an engine could have run it, and it would easily have pulled a fifty-saw gin. Told Smith he would not guarantee only that the engine would pull the gin, and would not guarantee it would pull it after he left it.

J. T. Lambert testified, corroborating plaintiff as to the terms of the contract of sale, and as to the limit of the guaranty; and further, Smith said the only thing that was wrong with the engine was that the crown-sheet leaked. A man that knew anything about an engine could have fixed it in a short time.

Andrew Lambert testified: Was acquainted with the engine; had run it sawing logs just before Smith got it from Levens; it was all right and would have pulled a fifty-saw gin easily, because pulling a sawmill was much heavier.

A. J. Spratlin testified: He had worked with the engine just before Smith got it; it was in good condition, and would easily have pulled a fifty-saw gin; before that time, had been sawing logs with it. Heard Smith say the engine was all right after he had fixed the crown-sheet; that was what was the matter with it.

J. W. Spratlin testified: Smith asked him to examine the engine and see what was the matter with it. When they got there, Smith's engineer said he had discovered what was the matter, that the crown-sheet leaked. A machinist could have

fixed this in a short time. Made no examination. Had helped to saw logs with the engine; the boiler was most too small to keep up steam.

J. M. Levens testified : Had owned the engine. At the time Smith got it from plaintiff, it would easily have pulled a fifty-saw gin; it was in good condition at that time. Had sawed logs with it just prior to that time. It was well worth $200 when Smith got it.

Defendant testified : He never agreed to purchase the engine at his own risk; did agree to get Levens to start it, as he said he wanted to start it, but as it was not convenient, did not send for him to start it, and got Stallings to start it. Did not try to stop the crown-sheet from leaking, or try to fix it in any way. Was not a machinist, but was a blacksmith. Knew nothing about running machinery.

*Cobb & Brother* and *D. B. Whitaker*, for plaintiff.
*F. S. Loftin* and *T. B. Davis*, for defendant.

FISH, J. 1. It appears from the record, that at the trial of this case on appeal to a jury in the justice's court, the defendant amended his pleading by admitting that he executed the note and that the plaintiff was the legal owner and holder of it. In his petition for certiorari the plaintiff complains that thereupon the defendant was allowed, over objection, to open and conclude the argument before the jury. We do not think there is any merit in this complaint. In *Montgomery* v. *Hunt*, 93 *Ga.* 438, this court held that: "Where suit was brought by the holder of a promissory note payable to the order of a named person and indorsed by the payee in blank, and the defendant in his plea admits the execution of the note and the ownership of it by the plaintiff, a prima facie case for the latter is made out. The burden of proof to establish his defense is upon the defendant, and consequently he is entitled to open and conclude." If, as we confidently believe, the decision therein rendered correctly lays down the law applicable under the state of facts there presented, it is to be regarded as controlling upon the question raised in the case at bar.

2. Further complaint is made, that the defendant was per-

mitted to testify that the consideration of the note in suit was a portion of the purchase-money he had agreed to pay for a certain engine, the price of which was $150, payable in three instalments of $50 each. The objection urged to this testimony was, that "there was better evidence" of the facts thus elicited. Of what the "better evidence" referred to by counsel consisted the court was not, however, informed, so far as the record before us discloses. Clearly, no error was committed in overruling an objection so vague and indefinite.

3. Under the evidence submitted, it is a matter of grave doubt whether the defendant's plea of recoupment was sufficiently sustained, either by showing a breach of the express warranty alleged to have been made by the plaintiff, or by proving the breach of any implied warranty raised by law. At all events, the amount of the verdict found in his favor by the jury was totally unwarranted, under any view of the evidence. Accordingly, the plaintiff's petition for certiorari ought to have been sustained and a new trial ordered.

*Judgment reversed. All the Justices concurring.*