## DOROUGH v. JOHNSON.

LUMPKIN, P. J.  ·1. The defendant below was not entitled to open and conclude, because he did not by admissions in his answer make out a prima facie case for the plaintiff and thus relieve him from the necessity of introducing evidence.   Admissions made by a defendant for the purpose of gaining this advantage must be in his pleadings and not merely oral. *Montgomery* v. *Hunt,* 93 *Ga.* 438 ; *Levens* v. *Smith,* 102 *Ga.* 480 ; *Southern Mutual Building & Loan Assn.* v. *Perry,* 103 *Ga.* 800.  In the case last cited, the admission referred to was embraced in the answer of the defendants, though this fact does not appear in the official report.

2. At the October term, 1896, it was in this case decided that the defendant's answer, as it then stood, was meritorious and ought not to have been stricken. See 99 *Ga.* 644.  Upon the trial now under review, for some reason not disclosed, all of his pleas, except one setting up failure of consideration, were withdrawn; and as much evidence totally irrelevant to the only issue thus left in controversy was improperly allowed to go to the jury, and as the court gave in charge to them numerous inappropriate instructions, there should be another hearing.

*Judgment reversed.   All the Justices concurring.*

Submitted June 17, — Decided August 1, 1899.

Complaint.   Before Judge Butt.   Harris superior court. October term, 1898.

*C. J. Thornton* and *A. E. Thornton*, for plaintiff.

*Brannon, Hatcher & Martin* and *B. H. Walton*, for defendant.