## 318.  VAN WINKLE GIN & MACHINE WORKS *v.* PITT-MAN *et al.*

1. The right to open and conclude in a jury trial is of great importance; and the plaintiff should not be deprived of this right, unless the defendant, in his pleadings, before the introduction of any testimony by the plaintiff, admits facts authorizing, without further proof, a verdict in the plaintiff's favor for the full amount claimed in the declaration.

**2.** Oral admissions by the defendant are not sufficient to entitle him to the opening and conclusion. Admissions for that purpose must be made in his pleadings.

**3.** In a suit by a corporation, as such, on a promissory note which contains a provision for attorney's fees, alleging written notice of intention to sue, as required by law, an admission in the answer, limited to the execution of the note, but accompanied with a denial of the allegation as to notice of intention to sue, is not sufficient to entitle the defendant to open and conclude the argument.

Complaint, from city court of Jefferson—Judge Stark. October 11, 1906.

Argued May 7,—Decided July 4, 1907.

*Ellis, Wimbish & Ellis, J. S. Ayers,* for plaintiff.

*John B. Gamble, Shackelford & Shackelford,* for defendant.

Hill, C. J. This was a suit on a promissory note. The petition alleged, that the plaintiff was a corporation; that the defendants were jointly and severally indebted to it in the amount of the note made and delivered to it by the defendants; and that written notice had been duly served on the defendants of an intention to sue. The defendants filed a joint answer. They denied that plaintiff was a corporation under the laws of Georgia. They denied that any written notice was served on them, as required by law, of an intention to sue. They admitted the execution of the note sued on. They further answered that they had paid $100 on the note, which had not been credited to them. The jury found a verdict for the plaintiff for the amount which the defendants admitted in their answer was due on the note. The plaintiff made a motion for a new trial, and the court overruled the motion. On the trial of the case, when counsel for plaintiff had opened the case and tendered in evidence the note sued on, the attorneys for the defendants stated orally that the defendants would admit a prima facie case, and asked that they be allowed the opening and conclusion. Over the objection of the plaintiff, the court permitted the defendants to assume the burden and open and conclude the argument before the jury. The plaintiff excepts to this ruling, because it deprived the plaintiff of its legal right, and was contrary to law and the rules of the court. Besides the general grounds, it assigns several errors in the admission of testimony. We think it only necessary to review the ruling allowing to the defendants the right to open and conclude the case.

1. The Supreme Court has frequently held that the right to open and conclude in a jury trial is an important right, and that an improper denial will work a reversal. *Buchanan* v. *McDonald,* 40 *Ga.* 288; *Chapman* v. *Atlanta & West Point Railroad,* 74 *Ga.* 548; *Fisher* v. *Jones Co.,* 108 *Ga.* 490, 34 S. E. 172. This right is most valuable when the questions in the case are largely dependent upon the facts, and the opinion which the jury may entertain of conflicting evidence. Of course the general rule is that this right belongs to the plaintiff; and before the defendant will be entitled to open and conclude the argument, he must, in his pleadings, admit enough to make out a prima facie case for the plaintiff. In other words, the pleadings of the defendant must contain admissions sufficient to entitle the plaintiff to a verdict for the full amount sued for. Admissions made by the defendant for the purpose of gaining the advantage of opening and concluding must be in his pleadings, and not merely oral. *DuBignon* v. *Wright,* 122 *Ga.* 263, 50 S. E. 65; *Dorough* v. *Johnson,* 108 *Ga.* 812, 34 S. E. 168. The foregoing being well settled as rules of law, does the admission contained in the answer of the defendants measure up to the requirements? This is a suit on a promissory note. The admission in the answer is: "Defendants admit the execution of the note sued on." "The defendant in an action upon a promissory note payable to the plaintiff or bearer is entitled to open and conclude, when by his plea he admits the execution of the note sued on and that the plaintiff is the legal holder of the same." *Levens* v. *Smith,* 102 *Ga.* 480, 31 S. E. 104.

It is insisted that the admission in the answer, as to the execution of the note sued on, was not sufficient, in that it failed to admit that the plaintiff was the legal holder of the same, and, as such, entitled to bring the suit; and that the denial of the allegation of corporate existence made it necessary for the plaintiff to prove that fact. The plaintiff is the payee named in the note; its name imports a corporation, even if there was no such allegation. A presumption of corporate existence was thus raised, and the burden was cast on the defendants to prove affirmatively that no such corporation existed. The admission, aided by this presumption, was sufficient, on this part of the plaintiff's case. Besides, we can not see how the corporate existence of the plaintiff was at all material to the defendants. They admitted the execu-

tion of the note. The suit was brought by the payee against the makers, and whether such payee was a corporation or a partnership was wholly inconsequential. But the plaintiff, according to the terms of the note, also sued for attorney's fees, and alleged that written notice of intention to sue had been properly given the defendants. This allegation was denied in the answer; which made it incumbent upon the plaintiff to prove it, in order to recover attorney's fees. "To entitle the defendant in a civil action, arising ex contractu, to the opening and conclusion of the argument by virtue of the admission that the plaintiff has a prima facie right to recover, the defendant must, before the introduction of any evidence, admit facts authorizing, without further proof, a verdict in the plaintiff's favor for the full amount claimed in the declaration." *Abel* v. *Jarratt*, 100 *Ga.* 732, 28 S. E. 453; *Phœnix Insurance Co.* v. *Gray*, 113 *Ga.* 432, 38 S. E. 992. We are clear that the admission made by the defendants, for the reasons stated, was not sufficient to entitle them to the right to open and conclude the case, and that the trial court erred in permitting them to do so.

The other grounds in the motion for a new trial, as corrected and verified, are without merit.                *Judgment reversed.*