### 7317. FOUCHÉ *v.* CHEROKEE NATIONAL BANK.

</div>

1. A default judgment may be signed by the judge at his office in the court-house during a regular term of the court.

2. A general guarantor for value, guaranteeing the payee of a promissory note against loss thereon, is not discharged by the failure of the creditor to institute legal proceedings against the maker, although the maker becomes insolvent. It is not necessary to sue the maker in order to maintain a suit against a general guarantor guaranteeing

against loss. *Nance* v. *Winship Machine Co.*, 94 *Ga.* 649 (21 S. E. 901). See also *Kalmon* v. *Scarboro*, 11 *Ga. App.* 547 (75 S. E. 846 ).

3. In a suit of this character it is not necessary, in order to maintain an action against one generally guaranteeing against loss, to make the original promisors parties to the action. Nor is the solvency or insolvency of the original undertakers material. *Penn Tobacco Co.* v. *Leman*, 109 *Ga.* 428 (34 S. E. 679).

DECIDED SEPTEMBER 21, 1916.

Action on guaranty; from city court of Floyd county—Judge Nunnally. February 15, 1916.

*M. B. Eubanks,* for plaintiff in error.

*Lipscomb & Willingham,* contra.

HODGES, J. The bank sued Fouché upon the following guarantee: "For value received I hereby guarantee the Cherokee National Bank against loss upon a certain note for $1,000.00, dated September 30th, 1913, due four months after date, signed John R. Jones, payable to himself, and endorsed by John R. Jones and Mrs. I. B. Lancaster. This October 1st, 1913. [Signed] Sproull Fouché." It is not necessary to elaborate the rulings stated in the headnotes, as the principles controlling the case are elementary.    *Judgment affirmed.*