23263, 23264. NIAGARA SPRAYER & CHEMICAL COMPANY INC.
*v.* COTTON STATES FERTILIZER COMPANY; and *vice versa.*

STEPHENS, J. 1. Where the terms of a written contract are ambiguous and incomplete, their meaning may be explained by parol and be interpreted by the historical setting of the contract and the circumstances under which it was made. Where, in a written contract it is recited that the parties together own the entire stock of a corporation, and, that, "in consideration of the mutual covenants and agreements hereinafter set forth," certain physical property of the corporation of an agreed value is to be turned over to and assigned to the party of the first part, and the other physical property of the corporation to be turned over to the party of the second part to be credited on his "account" against the corporation, and that "the accounts receivable are to be disposed of as follows: that a designated part of them are to be "turned over to and assigned to" the party of the second part and applied as a reduction of his account against the corporation, and "the balance of said accounts and notes receivable are to be turned over to" the party of the second part and, after a designated amount of the proceeds derived from their collection is applied to a satisfaction of other creditors of the corporation, are to be applied to the accounts of the party of the first part against the corporation, and that the party of the second part does "undertake and guarantee" that within a stated time he "will collect and pay," to the party of the first part the "accounts" of the party of the first part "against" the corporation, the contract is ambiguous and incomplete. It is subject to explanation by parol and to interpretation by the historical setting and the circumstances under which it was made. It is therefore permissible to show, as an interpretation and explanation of the contract, that the parties thereto were the owners of the entire capital stock of the corporation which was indebted to both of them, and that one held, as security for the corporation's indebtedness to him, accounts of the corporation against various persons which were sufficient in amount to pay all the debts of the corporation, that he had taken a note from the corporation in liquidation of a portion of its debt to him, that he was pressing the corporation for payment, that the other person, who was in control of

the corporation and was operating its business, desired that the corporation be not pressed for payment but that he continue in control of its assets and to collect its accounts, and it was agreed between them, in a written contract by which the first person was denominated the party of the first part and the second person was denominated the party of the second part, that the "accounts" of the corporation which were held as security by the party of the first part for the debt of the corporation to him be turned over to the party of the second part to be collected by him and the proceeds derived to be applied to the payment of the debts of the corporation in the manner provided, and that a designated portion of these accounts are to be "turned over to and assigned to" the party of the second part who may collect them and apply them on the corporation's indebtedness to him, and the party of the second part guarantees to collect and pay to the party of the first part by a certain date the indebtedness of the corporation to the party of the first part  the provision in the contract that the party of the second part will collect and pay to the party of the first part the "accounts" of the party of the first part against the corporation, is ambiguous and subject to explanation and interpretation by parol and also from the historical setting of the contract and the circumstances under which it was made, that the provision therein that the party of the second part "undertakes and guarantees" to collect and pay to the party of the first part the "accounts" of the party of the first part against the corporation, should be interpreted as meaning that the "accounts" of the party of the first part against the corporation had reference to the entire indebtedness of the corporation to the party of the first part, including the portion of that indebtedness which had been liquidated by a note executed by the corporation to the party of the first part.

2. The consideration for the guaranty of the party of the second part to collect the accounts of the corporation and pay over the proceeds derived therefrom to the party of the first part, is the promise and undertaking of the party of the first part to turn over to the party of the second part the accounts of the corporation against its debtors which the party of the first part held as security for the corporation's debts to him out of the proceeds from the collection of which the party of the second part was authorized to apply upon the debts which the corporation owed to him.

3. Where the accounts of the corporation against its debtors which the party of the first part held as security were released to the party of the second part and turned over to him, and out of which he was to pay debts of the corporation to him, and pursuant to the contract he took complete possession and control of the "accounts and notes receivable" of the corporation and collected a large amount of them, this was such part performance of the contract by the party of the first part as would render it a fraud by the party of the second part to refuse to comply with his obligation under the contract.

4. Where, in the petition of the party of the first part against the party of the second part, the execution of the contract between the parties is alleged, the contract is attached as an exhibit and it is alleged that only the indebtedness of the corporation to the plaintiff is represented by the

note which the corporation had executed to the plaintiff in liquidation of the plaintiff's "account" with the corporation, and where it is alleged that when the contract between the plaintiff and the defendant was executed it was the purpose and intention and was the agreement that the defendant guarantee the payment of the note, and notwithstanding there is alleged an indebtedness of the defendant in the amount of the note with interest and attorney's fees as provided in the note, and that notice of intention to bring suit as required by law as a condition precedent to recover attorney's fees had been given to the defendant, the suit was not upon the note, to which the defendant was not a party, but was a suit on the contract which had been executed between the plaintiff and the defendant to recover on the defendant's obligation, as expressed therein, to guarantee the collection and payment of the plaintiff's "accounts" against the corporation and which were represented by the note. An amendment to the petition which merely amplified the allegations in the petition and alleged historical matter concerning the execution of the contract between the plaintiff and the defendant and the execution of the note, which the corporation had given to the plaintiff, was properly allowed over objection that it set out a new cause of action.

5. The liability of the defendant under the contract being to collect money and pay it to the plaintiff within a stated time, it is not essential to the plaintiff's right to recover that a judgment be obtained against the corporation on the note, or that plaintiff should have first proceeded to collect out of the corporation. *Kalmon* v. *Scarboro*, 11 *Ga. App.* 547 (3) (75 S. E. 846); *Fouché* v. *Cherokee National Bank*, 18 *Ga. App.* 569 (90 S. E. 102). The defendant's plea in abatement that the suit was prematurely brought was properly stricken.

6. The defendant's obligation under the contract is an unconditional one by which he guarantees to collect and pay to the plaintiff within a stated period of time the plaintiff's accounts against the corporation. Upon the defendant's failure to do this within the time stipulated the plaintiff has a cause of action against him for the amount of the plaintiff's unpaid account against the corporation as represented in the note.

7. Under the above rulings the petition as amended set out a cause of action and was good against general demurrer. It was also good against demurrer upon the ground that it appeared therefrom that the contract between the parties was not wholly in writing but was partly in parol and therefore unenforceable under the statute of frauds. It was also good against demurrer upon the ground that it was not alleged that the "account" of the corporation, which it was alleged the plaintiff turned over and transferred to the defendant to be collected by the defendant and applied upon the corporation's debt to the defendant, had not been turned over to the defendant. The trial judge having sustained only the general demurrer to the petition and the demurrers upon the grounds just indicated, and not having passed upon the other grounds of the demurrer to the petition as amended, it is not necessary for this court to pass upon them.

8. The court erred in sustaining the demurrers to the petition, and did not err in allowing the amendment to the petition and in striking the plea in abatement.

782

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., and Sutton, J., concur.*

Decided March 3, 1934.

*Turpin & Lane,* for plaintiff.

*Hall & Bloch, Grice & Grice,* for defendant.