29069.   ARKANSAS FUEL OIL COMPANY *v.* YOUNG.

DECIDED OCTOBER 11, 1941.

*W. H. Key, M. F. Adams,* for plaintiff.
*Sydney H. Baynes, A. F. Jenkins,* for defendant.

SUTTON, J.   Arkansas Fuel Oil Company sued J. H. Young for $2000 on a certain contract, a copy of which was attached to the petition and referred to in the petition as a guaranty agreement, the material portions thereof being as follows:   "Know all men by these presents, that in consideration of Arkansas Fuel Oil Company, a corporation, . . extending credit to Galloway Oil Company, domiciled in Clarke County, Georgia, in which I am financially interested, for gasoline, petroleum products, automobile tires, bat-

teries, and/or automobile accessories, that may be sold and delivered from time to time by said Arkansas Fuel Oil Company to said Galloway Oil Company, and I, J. H. Young, do hereby guarantee the payment of all sums not to exceed two thousand dollars that may become due and payable by said Galloway Oil Company to said Arkansas Fuel Oil Company, and I further promise to pay all of said sums promptly upon demand on or after date of maturity. . . I to be discharged from liability hereunder only by payment to Arkansas Fuel Oil Company, either by me or by Galloway Oil Company of all sums not to exceed two thousand dollars which Galloway Oil Company may owe." It was alleged that the plaintiff furnished to the Galloway Oil Company at various times material and supplies as contemplated in said agreement, that the Galloway Oil Company had failed and refused to pay for the same, that the amount then owing the plaintiff by the Galloway Oil Company was $2322.48, as per copy of statement of the account attached; that the plaintiff had made a demand of the defendant Young for the payment of the sum of $2000, the extent of the guaranty of the oil company's indebtedness, and that the defendant Young had failed and refused to pay the same.

The defendant demurred to the petition on the grounds: (1) that it failed to set out a cause of action; (a) that the allegation, "and the said Galloway Oil Company has failed and refused to pay for same," was indefinite and insufficient to accelerate the defendant's liability under the guaranty agreement; (3) that the allegation that the plaintiff had made demand on the defendant for the payment of the sum of $2000, under the guaranty agreement, and that he had failed and refused to pay the same, was premature and insufficient, as it was not alleged that the Galloway Oil Company was insolvent or unable to respond to any judgment that the plaintiff may obtain against it. The court sustained the demurrers and dismissed the petition, and the plaintiff excepted to that judgment.

■ The defendant in error contends that the instrument here sued on is a contract of guaranty, and not one of suretyship, and that the court properly sustained the demurrer to the plaintiff's petition, because it was not alleged that the Galloway Oil Company, the principal debtor, was insolvent, or unable to respond to any judgment that the plaintiff may obtain against it. A great deal has been written and some confusion has arisen as to the proper

distinction to be drawn between a contract of suretyship and one of guaranty. Code, § 103-101, provides: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." In *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698, 702 (116 S. E. 903), it was said: "A contract of suretyship is where one lends his credit by joining in the principal debtor's obligation, so as to render himself directly and primarily responsible with him and on the same contract, and without any reference to the solvency of the principal. In such a case, the promise of each being one and the same, and their liability being joint and several, they may be joined in the same action. *Heard* v. *Tappan,* 116 *Ga.* 930 (43 S. E. 375). A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract." Briefly, as was said in *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 17 (33 S. E. 701): "A surety binds himself to perform if the principal does not, without regard to his ability to do so. His contract is equally absolute with that of his principal. They may be sued in the same action, and judgment may be entered up against both. A guarantor, on the other hand, does not contract that the principal will pay, but simply that he is able to do so; in other words, a guarantor warrants nothing but the solvency of the principal."

Ordinarily, a guarantor can not be sued to judgment on a contract of guaranty in the absence of a prior judgment against the principal and a nulla bona return, unless it is alleged and proved that the principal debtor is insolvent or that he can not be made to respond to a judgment that may be obtained against him by the plaintiff. But let us look to the contract sued on in the present case and see what the defendant contracted and obligated himself to do. In consideration of the plaintiff extending credit to the Galloway Oil Company, in which the defendant was financially interested, for certain material and supplies, it was agreed by the defendant that "I, J. H. Young, do hereby guarantee the payment

of all sums not to exceed two thousand dollars that may become due and payable by said Galloway Oil Company to said Arkansas Fuel Oil Company, and I further promise to pay all of said sums promptly upon demand on or after date of maturity. . . I to be discharged from liability hereunder only by payment to Arkansas Fuel Oil Company, either by me or by Galloway Oil Company of all sums not to exceed two thousand dollars which Galloway Oil Company may owe." By this contract the defendant directly obligated himself to pay the plaintiff for material and supplies furnished by it to Galloway Oil Company, to the extent of $2000, and promised to pay said sums promptly on demand on or after date of maturity. The consideration of this contract was the extending of credit to Galloway Oil Company by the plaintiff. Under this instrument the defendant was primarily liable to the plaintiff, not secondarily so. He agreed to pay a certain amount for the principal debtor promptly on demand at maturity. His agreement was not one that the principal debtor was able to pay, or that he would pay, if the principal debtor failed to pay. His liability under this contract was direct and primary and, upon his failure to pay as provided therein, he was subject to suit thereon, without it being shown that the principal debtor was insolvent, or unable to respond to any judgment that the plaintiff may obtain against him. Under these circumstances it is immaterial whether the instrument in question be denominated a contract of suretyship or one of guaranty. *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (34 S. E. 679); *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (3) (75 S. E. 846); *Fouché* v. *Cherokee National Bank,* 18 *Ga. App.* 569 (3) (90 S. E. 102); *Adams* v. *Georgian Co.,* 19 *Ga. App.* 654 (91 S. E. 1005); *Stanfield* v. *McConnon,* 25 *Ga. App.* 226 (102 S. E. 908); *Hagedorn* v. *Zemurray,* 28 *Ga. App.* 807 (3) (113 S. E. 244). See also *Guaranty Mortgage Co.* v. *National Life Insurance Co.,* 55 *Ga. App.* 104 (189 S. E. 603), and cit.

The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*