37689. BROYLES, Assignee *v.* JOHNSON.

DECIDED OCTOBER 2, 1959—REHEARING DENIED OCTOBER 26, 1959.

512

*Elijah A. Brown,* for plaintiff in error.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Jr.,* contra.

CARLISLE, Judge. It has been said many times by this court that the essential elements of an alleged cause of action are simply a duty and a breach of it. *Bell* v. *Fitz,* 84 *Ga. App.* 220, 223 (66 S. E. 2d 108). As against a general demurrer, allegations of facts from which the existence of a duty may be fairly inferred and showing a breach of it are sufficient. In the instant case, the existence of the duty is sufficiently shown by the allegations respecting the execution of the contract sued on together with the allegations showing performance on the part of the plaintiff in advancing money to the corporation thereunder. These allegations when considered with the other allegations of the petition to the effect that the defendant Johnson took over com-

plete control of the corporation and thereafter failed and refused to repay to the plaintiff the sums advanced, are sufficient to show a violation of the contract which is the breach of duty sued upon, since under the ruling in *Broyles* v. *Kirkwood Court Apts.*, 97 *Ga. App.* 384 (103 S. E. 2d 97), the obligation of this contract was the personal undertaking of the defendant, Johnson. Under the facts alleged in the petition in this case, it is controlled by the ruling in this court in the case of *Niagara Sprayer & Chemical Co.* v. *Cotton States Fertilizer Co.*, 48 *Ga. App.* 779 (173 S. E. 460). In that case, the plaintiff and the defendant owned the entire stock in the corporation. In the present case, the plaintiff's assignor and the defendant owned the entire stock in the corporation at the time the contract was signed. In that case, as well as in this case, the corporation was indebted to both parties. In both cases, the parties undertook to see that payment was made on such indebtednesses, in that case out of certain accounts, and, in this case, out of the first rentals from the apartment project. The allegations in the instant case show that the defendant had complete control of the corporation, its finances, books of account, and accounts receivable. The defendant undertook in the contract to see that the plaintiff's assignor was paid out of the corporate funds for the money advanced by him. The petition alleged that the gross rentals collected were in fact sufficient to pay these sums. Whether or not the contract in this case be denominated one of guaranty or surety is immaterial and unnecessary for decision. On its face, it is an original undertaking on the part of the defendant, and under the allegations of the petition, the plaintiff, as assignee of the rights under the contract, is entitled to recover.

*Judgment reversed.* *Felton, C. J., Townsend and Nichols, JJ., concur. Gardner, P. J., and Quillian, J., dissent.*

GARDNER, Presiding Judge, dissenting. It is to be kept in mind in determining the issues herein involved that this is not a suit ex delicto by the plaintiff, Jack Broyles, as assignee of said Walton for damages claimed as the result of the wrongful conduct of the defendant Johnson relative to said corporation or to the expulsion of Walton therefrom or the "kicking" him out of the same, but this is an action ex contractu for money claimed due

to Walton by Johnson, as an individual, and which debts were assigned by Walton to the plaintiff, and it affirmatively appears there was no such ex contractu debtor.

It plainly appears from the allegations of the petition, as twice amended, that the alleged indebtedness, if any, is on the part of the said Kirkwood Courts Apartments, Inc., in favor of Walton, and not by Johnson individually. The present suit is by Broyles as assignee of said Walton, against Johnson as an individual, purporting to be for money due by Johnson to Walton for breach of a contract, and on the petition, as amended, shows that the indebtedness, if any, arises out of money advanced to and for the benefit of said corporation, and not to Johnson. It is my opinion that the court properly ruled that there was no cause of action alleged in favor of Broyles against Johnson, the individual.

I do not think that the case of *Niagara Sprayer & Chemical Co.* v. *Cotton States Fertilizer Co.*, 48 *Ga. App.* 779 (173 S. E. 460), is in the least applicable here. The plaintiff here is the assignee of a lawsuit in tort and not of any actual ex contractu indebtedness in favor of Walton against Johnson. This liability, if any, would be by the corporation in favor of Broyles, the assignor.

I think it follows that the trial judge did not err in sustaining the general demurrers, as renewed, to the plaintiff's petition, as amended, the same being excepted to by direct bill of exceptions to this court.

I am authorized to state that Quillian, Judge, concurs in this dissent.