### 43668. TEXACO, INC. v. HURT.

BELL, Presiding Judge. Texaco, Inc. brought this suit against B. L. Hurt alleging that defendant was indebted to plaintiff on a guaranty agreement as follows: "For value received, and in consideration of the credit which you may hereafter extend in connection with Texaco Inc. National Credit Cards issued in the name of Ga. Dry Wall Co., Inc., hereinafter called the debtor, the undersigned [defendant Hurt] hereby unconditionally guarantees payment, when due . . . of any and all present or future indebtedness owed to you by said debtor, arising in connection with the use of said Credit Cards, and hereby agrees to promptly pay such indebtedness if default in the payment thereof be made by the debtor. . . This guaranty shall be a continuing guaranty. . ." *Held:*

1. Defendant's agreement was not that the principal debtor was able to pay, but that defendant would pay if the principal debtor failed to pay. Defendant's liability was direct and primary, and it is immaterial whether the contract is called one of suretyship or guaranty. Under its terms he was subject to suit without it being alleged that the principal debtor was insolvent or unable to respond to judgment. See *Penn. Tobacco Co. v. LeMan & Co.,* 109 Ga. 428, 430 (34 SE 679); *Fouche v. Cherokee Nat. Bank,* 18 Ga. App. 569 (3) (90 SE 102); *Stanfield v. McConnon & Co.,* 25 Ga. App. 226, 230 (102 SE 908); *Arkansas Fuel Oil Co. v. Young,* 66 Ga. App.

33, 36 (16 SE2d 909). Plaintiff showed the occurrence of the only condition precedent required by the contract—that is, default by the principal debtor. As the petition was sufficient to state a cause of action, or a claim under the Civil Practice Act, the court erred in sustaining defendant's general demurrer.

2. The second ground of error enumerated is moot.

*Judgment reversed. Hall and Quillian, JJ., concur.*

ARGUED MAY 7, 1968—DECIDED SEPTEMBER 30, 1968.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr., Bartow Cowden, III,* for appellant.

*Cochran, Camp, Chalker, Snipes & Jose, J. A. Cochran,* for appellee.