*Ranitz, Jr.,* for appellee.

## 51647. GRAVES REFRIGERATION, INC. v. HASWELL et al.

CLARK, Judge.

Plaintiff Graves Refrigeration, Inc. brought suit against Haswell Enterprises, Inc., Michael C. Haswell and Hugh R. Gatlin. Following grant of summary judgment on behalf of the individual defendants, Haswell and Gatlin, plaintiff appealed.

The facts giving rise to this appeal are as follows: Plaintiff, a wholesale distributor of heating, air conditioning and refrigeration parts, sold merchandise on open account to the defendant corporation then doing business as Comfort Trane Air Conditioning Company. When the account fell into arrears, the parties entered negotiations to discuss various means of paying the debt.

Haswell Enterprises, Inc. offered to give plaintiff a promissory note for the balance due on the account (so the balance could be paid in installments and ease its cash flow). It also requested that future purchases be placed on a new account. Although plaintiff was willing to accept the promissory note, it was reluctant to resume open account terms with the corporate defendant. After further discussions, however, plaintiff agreed that the debtor corporation could make future purchases on open account if defendants Haswell and Gatlin personally guaranteed the indebtedness of the corporate defendant.

Accordingly, the corporate defendant gave plaintiff a promissory note (executed by Haswell as president and Gatlin as executive vice-president of the corporation) for the amount owing on the account. Defendants Haswell and Gatlin also executed a document entitled "third party guaranty" which reads, in part: "For and in consideration of the extension of additional time in which to pay a present outstanding indebtedness or the extension of additional credit by Graves Refrigeration, Inc. to Haswell Enterprises [sic] d/b/a Comfort Trane A/C Co. St. Mtn., Ga., the undersigned does hereby promise to pay to Graves Refrigeration, Inc. all sums due for all things sold

to the said customer on or after this date, up to a limit of $ *Unlimited.* This guaranty shall remain in full force and effect until a corporate officer or the credit manager of Graves Refrigeration, Inc. is notified in writing by me and is binding on me for all sums due from this date and hour to the date and hour such actual written notice is given."

When payment was not forthcoming on either the promissory note or the new account, plaintiff instituted this action in two counts. Count 1, based upon the promissory note, sought judgment for the balance of $16,301 owing thereon. Count 2 sought $8,127.79 based upon open account purchases made after the promissory note and "third party guaranty."

After completion of discovery, motions for summary judgment were filed both by plaintiff and by defendants Haswell and Gatlin. In support of their motion by the individual defendants, Gatlin filed an affidavit wherein he averred that after the making of the promissory note and "third party guaranty," Haswell Enterprises, doing business as Comfort Trane Air Conditioning Company, did not purchase materials or supplies from plaintiff and "any materials or supplies purchased from plaintiff were purchased by Comfort Trane Service Company, Inc., which is a separate corporation."

While the trial court granted plaintiff's summary judgment motion against the corporate defendant upon Count 1 of the complaint, it also granted Haswell and Gatlin's summary judgment motion upon both counts. This appeal followed. *Held:*

1. Plaintiff asserts defendants Haswell and Gatlin to be liable for the debt represented by the promissory note by virtue of their contract of "guaranty." We disagree.

"The code provides that a contract of suretyship is where one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty, in that the consideration of the latter is a benefit flowing to the guarantor. Civil Code (1910), § 3538 [Code § 103-101]. But the test laid down in the code to distinguish a contract of suretyship from one of guaranty, is not decisive. As with other contracts, the whole matter is governed by the

intention of the parties." *Baggs v. Funderburke,* 11 Ga. App. 173, 174 (74 SE 937). Thus, regardless of whether the contract in the case at bar is one of suretyship or guaranty, we look to the language of the contract to ascertain the nature of the.defendants' promise. *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893 (216 SE2d 651). Here the unambiguous language of the contract shows that defendants Haswell and Gatlin promised only to pay for materials which the corporate defendant purchased after the making of the "third party guaranty." They did not endorse the note nor guarantee payment thereof.

The trial court therefore did not err in granting summary judgment to defendants Haswell and Gatlin with regard to Count 1 of the complaint. Code Ann. § 81A-156 (c).

2. Plaintiff's contention that Haswell and Gatlin are liable for materials purchased after the making of the "guaranty" is equally unmeritorious. Gatlin's affidavit demonstrates that the materials purchased after the agreement were not purchased by Haswell Enterprises, Inc., doing business as Comfort Trane Air Conditioning Company, but by a different corporation, Comfort Trane Service Company, Inc. There was no promise by defendants Haswell and Gatlin to pay the debts of the latter corporation. Accordingly, the trial court did not err in granting summary judgment to defendants Haswell and Gatlin with regard to Count 2 of the complaint. Code Ann. § 81A-156 (c).

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

Argued January 13, 1976 — Decided February 6, 1976.

*A. Mims Wilkinson, Jr., John G. McCullough,* for appellant.

*Schreeder, Wheeler & Flint, Warren O. Wheeler, Fred J. Pinckney,* for appellees.