54962. ACKER v. CORINTHIAN CONDOMINIUM CORPORATION et al.

Birdsong, Judge.

Appellant Acker brings this appeal from an order of the trial court entering judgment in favor of the appellees Bowen and Lemmons. The case involves the construction of a contract of guaranty.

The facts, as pertinent to this appeal, show that the Corinthian Condominium Corp. was engaged in building a condominium with Berens as the construction lender. Corinthian was in default on its loan. Appellant Acker and appellee Bowen were investors in the building project and vitally interested in the loan to Corinthian. Berens entered into a supplementary agreement with Corinthian in order to protect its loan and the investors. The agreement in effect authorized Berens to assume responsibility for the construction but retained

Corinthian as supervisor over the project. Berens agreed to pay Corinthian $50,000 for these supervisory duties. Thirty-eight thousand dollars ($38,000) was to be paid immediately and the remaining $12,000 was to be paid in 12 monthly instalments of $1,000. Corinthian assigned these instalment payments to Acker plus $7,000 of the $38,000 or a total of $19,000. Corinthian notified Berens of the assignment; Berens accepted the assignment. Before Acker would accept the assignment from Corinthian, she insisted upon a guaranty of the instalment payments. Bowen and his attorney, Lemmons, guaranteed these payments due from Berens to Acker through Corinthian. Pursuant to the assignment, Berens paid Acker the $7,000 plus 9 of the monthly instalment payments. Berens failed or refused to pay the remaining three payments, or $3,000 and Acker brought this suit against Corinthian as principal and Bowen and Lemmons as guarantors. Corinthian was in default (and apparently bankrupt) and judgment was entered against Corinthian for the remaining payments plus attorney fees. That judgment is not involved in this appeal. The trial court held that Corinthian had violated the terms of the supplementary agreement between it and Berens and thus was not entitled to the remaining supervisory fees. The court held that Acker as assignee was entitled to no more than her assignor, Corinthian, and therefore was entitled to nothing. Acker enumerates two alleged errors. *Held:*

1. In her first enumeration of error, Acker asserts that the trial court erred in entering judgment in favor of Bowen and Lemmons. The determination of error in this grant of judgment depends upon whether the undertaking by Bowen and Lemmons was a contract of guaranty or surety. The nature of the contract is controlled by the intent of the parties as manifested by the wording of the contract. *Graves Refrigeration, Inc. v. Haswell,* 137 Ga. App. 515, 516 (224 SE2d 494). We first look to the assignment itself between Corinthian and Acker inasmuch as the guaranty is dependent upon the wording of the assignment. In substance, Corinthian assigned to Acker the instalment payments due it from Berens for services rendered as required by the supplementary

agreement. The provisions of that supplementary agreement were incorporated into the assignment. Corinthian also agreed to refrain from any act which would cause a forfeiture of the overhead (supervisory) fees. The assignment expressly relied upon the guaranty of Bowen and Lemmons to make any and all monthly payments that Berens failed or refused to make. In their guaranty, Bowen and Lemmons guaranteed to Acker the payment of $1,000 per month, not to exceed 12 months, but only as contemplated by the assignment, and as limited by the supplementary agreement.

By paragraph 9 of the supplemental agreement, Corinthian agreed to endorse "draw" checks to the respective supplier or materialman within 24 hours of the receipt of such checks from Berens. Paragraph 23 of the agreement provided that the agreement would terminate and the parties would be relieved of all further obligations upon the failure by Corinthian to fully, faithfully and punctually observe and perform any of the conditions required by the agreement. There was evidence that Corinthian failed to pay materialmen in a timely fashion, resulting in the filing of liens against the contractor.

It requires no imagination to conclude that under the terms of the supplementary agreement, Berens was relieved of any further obligation to pay Corinthian overhead (supervisory) fees inasmuch as Corinthian was in violation of the agreement. The question remaining is whether the release of the principal from its obligation to pay for services also relieved the guarantors of their obligation to pay the assignee the unearned supervisory fees. The answer to this question is found in the wording of the assignment. The reasonable intent of the contract of guaranty indicates that Corinthian agreed to assign the 12 monthly instalment payments payable to it as supervisory fees under the supplementary agreement. Those payments were due only so long as Corinthian was in compliance with the agreement. To protect the assignee, Acker, Corinthian agreed not to violate the terms of the agreement so as to cause a forfeiture of the overhead fees. The guarantors, Bowen and Lemmons agreed to guarantee each monthly instalment only insofar as the assignment contemplated the payments

were due but unpaid.

In *Etheridge v. Rawleigh Co.,* 29 Ga. App. 698, 702 (116 SE 903), it was said: "A contract of suretyship is where one lends his credit by joining in the principal debtor's obligation, so as to render himself directly and primarily responsible with him and on the same contract, and without any reference to the solvency of the principal. In such a case, the promise of each being one and the same, and their liability being joint and several, they may be joined in the same action. *Heard v. Tappan,* 166 Ga. 930 (43 SE 375). A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract." If this were simply a case where the guarantors promised to pay the instalments if Berens, for any reason, did not, the guarantors would be directly liable and it would not make any difference whether this were a contract of suretyship or of guaranty. See *Texaco, Inc. v. Hurt,* 118 Ga. App. 413 (164 SE2d 278). But the wording of the assignment and guaranty make clear that the payments were due to Corinthian as remuneration for services rendered. That which was due Corinthian as remuneration for services rendered was assigned to Acker subject to the limitations of the basic agreement. Thus as we read the guaranty, Bowen and Lemmons guaranteed to pay any instalment due only in the event of a breach of the agreement by Berens. There is no indication in the guaranty or the assignment that the guarantors agreed to become primarily liable. It follows that we are dealing here with a contract of guaranty, and this conclusion is supported by the fact that the parties themselves described the contract under consideration as a guaranty.

As guarantors, Bowen and Lemmons were required, under the terms of their contract, as limited by the supplementary agreement, to stand in the place of the principal, Berens, so long as the principal was under obligation to Corinthian. When Berens was relieved of its obligation to pay further monthly instalments, the guarantors also were discharged. *Frank & Co. v. Nathan,*

159 Ga. 202, 209 (125 SE 66); *Brown v. Ayer,* 24 Ga. 288, 296. The trial court did not err in its findings and conclusions in this regard.

2. In the second enumeration of error, Acker complains that the trial court erroneously admitted and considered evidence that Corinthian had not paid its materialmen with resulting liens being placed against the contractor, Corinthian. The basis for Acker's objection was that the liens themselves were the best evidence of such liens and oral testimony violated the best evidence rule. It is apparent however, that the evidence was offered not to prove the contents or amount of a particular lien, but to show that payments had not been made to materialmen by Corinthian, this constituting a violation of the supplementary agreement between Berens and Corinthian. Thus the evidence was designed to show the fact of a lien, not the contents of any particular document. The best evidence rule applies only where the contents of a writing are in issue. Where the existence of a fact is the question at issue and not the contents of a writing, then oral or written evidence of the fact may both be primary evidence. *Mallette v. Mallette,* 220 Ga. 401 (2) (139 SE2d 322); *Klem v. Southeast Ceramics,* 142 Ga. App. 610, 611 (236 SE2d 694). There was no error in the admission of the evidence pertaining to the existence of liens.

3. Appellant has offered numerous other arguments advocating that the trial court erred in entering judgment in favor of Bowen and Lemmons, based upon additional findings of fact and conclusions of law by the trial court in support of its judgment. We need not consider these rulings in view of our determination in Division 1 of this decision. A judgment right for any reason will be affirmed where the judgment is not based upon an erroneous legal theory. *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

Argued January 16, 1978 — Decided March 14, 1978.

