## 59742. GOLDGAR v. GALBRAITH.

SOGNIER, Judge.

Appellee (Galbraith) sought to recover damages from appellant (Goldgar) arising from appellant's breach of a sales contract. Goldgar agreed to purchase the majority of Galbraith's stock in Galbraith, Hoffman & Rogers, Inc. (GH&R), a New York advertising agency. The contract provided that Goldgar pay $10,000 cash to Galbraith for the GH&R stock, plus transfer 10,000 shares of stock in another corporation to Galbraith, said stock to be repurchased by Goldgar upon demand by Galbraith in one year for $10,000. Contemporaneously an employment contract was executed whereby GH&R, with Goldgar's approval, employed Galbraith as consultant for eight years at a total salary for the entire period of $75,000. This sum was to be payable immediately in the event Galbraith's employment was terminated by GH&R or GH&R discontinued its business. At the same time and as a part of the entire transaction an Escrow and Guaranty Agreement was executed by Goldgar guaranteeing GH&R's faithful performance of the employment agreement and providing for Goldgar's payment of any monies due Galbraith upon GH&R's default.

Galbraith, at the proper time, demanded that Goldgar repurchase the 10,000 shares of the second corporation's stock and Goldgar refused. About this time GH&R terminated its business and

made no further payments.

Galbraith's claim included the $10,000 for the second corporation's stock, $65,000 balance on the employment contract, and expense of litigation. Goldgar counterclaimed with allegations of fraud and failure of consideration seeking to set aside the contract. Goldgar also sought actual and punitive damages plus attorney fees.

A jury returned a verdict in favor of Galbraith, and denied Goldgar's counterclaim. Judgment was entered accordingly. Motion for new trial by Goldgar was denied and he appeals.

1. Complaint was made of error in overruling the motion for new trial primarily on the ground that Goldgar's obligation of guarantee was enforceable only after Galbraith had pursued his remedies against GH&R. While the agreement was termed a guarantee, nevertheless, the terms were "[T]hat Goldgar does hereby absolutely guaranty, promise and agree to and with Galbraith and Hoffman, their successors and assigns, that the Corporation will faithfully perform and fulfill everything [in] the aforesaid employment agreements dated April 24, 1972 on its part to be performed or fulfilled, at the times and in the manner therein provided, and *that he will personally be liable for any moneys due to Galbraith and Hoffman for any default on the part of the Corporation in connection with said agreements.*" (Emphasis supplied.) Goldgar was personally and directly liable upon default of GH&R and subject to suit without it being alleged that the principal debtor GH&R was insolvent and unable to respond to judgment. *Texaco, Inc. v. Hurt,* 118 Ga. App. 413 (164 SE2d 278) (1968); *Arkansas Fuel Oil Co. v. Young,* 66 Ga. App. 33 (16 SE2d 909) (1941). In any event, the admitted insolvency of GH&R excused Galbraith from pursuing a claim against them. *Ferguson v. Atlanta Newspapers,* 91 Ga. App. 115, 117 (85 SE2d 72) (1954); *Bradley v. Swift & Co.,* 93 Ga. App. 842 (93 SE2d 364) (1956).

2. Appellant cites as error the court's refusal to allow testimony as to (a) a telephone conversation between a Mr. Hoffman and Mr. Galbraith and (b) the disposition of the assets of the corporation and the location of the business after the closing of the corporate offices.

(a) No tender of the telephone conversation was made. This court cannot rule on its admissibility as the record fails to reflect either a tender of the evidence, a sufficient identification of the other party, or a statement by counsel of the conversation's purpose and nature. *Cannady v. Lamb,* 146 Ga. App. 850 (247 SE2d 500) (1978).

(b) Testimony was excluded pertaining to the alleged pirating off of advertising accounts by one Hoffman, a chairman of the board of GH&R, after Galbraith's sale of GH&R to Goldgar. The trial court ruled such evidence was inadmissible without prior proof that there

was some connection between Hoffman and Galbraith other than merely being fellow officers of GH&R. The actions of a third party not involved in the case are not admissible where it was not shown that such evidence bore either directly or indirectly on issues being tried by the jury. *Ameagle Contractors, Inc. v. Couch Construction Co.,* 143 Ga. App. 209 (237 SE2d 695) (1977). Similarly, the location of the office of Hoffman, without more, was irrevelant and immaterial.

3. Appellant complains of Goldgar being asked about his involvement in other lawsuits. Such testimony was first brought out on direct examination when Goldgar testified he had heretofore not had to sue "to get what I paid for." On cross examination Goldgar then admitted he had sued previously and had, in fact, been involved in a number of lawsuits. Objection was made and overruled. Every party has a right to a thorough and sifting cross examination, the scope of which rests largely within the discretion of the trial judge. *Howington v. Puckett,* 130 Ga. App. 584, 585 (203 SE2d 916) (1974). This is particularly true here where the subject had initially been raised on direct examination.

4. Appellant cites as error the form of the verdicts submitted to the jury. Pursuant to Rule 15 (c) (2), Code Ann. § 24-3615, we will not consider appellant's enumeration number four.

5. Appellant contends that the court erred in its instruction to the jury in fixing the amount of the attorney fees awarded. The judge, after receiving the verdict advised the jury that its verdict for attorney fees should not exceed the testimony offered and reduced the verdict in this regard. We find no harmful error in this procedure. *Bagwell v. Sportsman Camping Centers of America,* 144 Ga. App. 486, 488 (241 SE2d 602) (1978). In view of the foregoing, we affirm the lower court.

*Judgment affirmed. Deen C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 8, 1980 — DECIDED JULY 9, 1980 —
REHEARING DENIED JULY 25, 1980.

*G. Hughel Harrison,* for appellant.
*Alfred A. Lindseth, Judith A. O'Brien,* for appellee.