A90A2105. CONNER INSURANCE AGENCY, INC. v. STRAUCH.
(402 SE2d 129)

CARLEY, Judge.

Appellee-plaintiff brought this tort action, seeking to recover for appellant-defendant's alleged negligent failure to keep in force a specific policy of automobile insurance. The case was tried before a jury and resulted in a verdict in appellee's favor. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. According to appellee, his truck had been destroyed and the policy that he thought would provide coverage had been cancelled. On the cross-examination of appellee, appellant attempted to inquire into the specifics of how the truck had been destroyed. The trial court refused to allow appellant to pursue this line of inquiry, ruling that it had "nothing to do with this particular case." This evidentiary ruling is enumerated as error.

Since appellant's alleged negligence consisted of the failure to keep in force a specific policy of automobile insurance, the issue of how the vehicle had been destroyed was clearly relevant. Unless the destruction of the vehicle was an insurable event under the terms of that policy, appellant's alleged negligence would not be a proximate cause of appellee's injury. Appellant's alleged negligent failure to keep in force a specific policy which would not cover the destruction of appellee's truck could not be a basis of recovery. It follows that the trial court's refusal to allow appellant to pursue this relevant line of inquiry was reversible error. "The right to cross-examine a witness by the opposite party is very broad, and much latitude should be allowed counsel to subject the witness, particularly, if he is the opposite party himself, to a thorough and sifting cross-examination; and it would seem that this right ought not to be denied the defendant where the

plaintiff is on the stand and it is sought to elicit from him such evidence as would authorize the jury to find in favor of the defendant." *Williamson, Inman & Co. v. Thompson*, 50 Ga. App. 564, 565 (4) (179 SE 289) (1935).

2. Appellee tendered a document which had purportedly been prepared by one of appellant's employees. The trial court admitted this document into evidence over appellant's objection that, in the absence of a foundation laid pursuant to OCGA § 24-3-14, it was inadmissible hearsay. This evidentiary ruling is enumerated as error.

The document itself was clearly hearsay. *Rodgers v. Cumberland Volkswagen*, 167 Ga. App. 826, 828 (307 SE2d 721) (1983). It was, therefore, error to fail to sustain appellant's objection to its admission into evidence. *City of St. Marys v. Stottler Stagg & Assoc.*, 163 Ga. App. 45, 47 (2) (292 SE2d 868) (1982). Appellee's reliance upon *Acker v. Corinthian Condominium Corp.*, 145 Ga. App. 288, 292 (2) (243 SE2d 683) (1978) is misplaced. That case relates to the failure to sustain a best evidence, not a hearsay, objection.

3. Hearsay is admissible as impeaching evidence if it shows that a witness has made a prior inconsistent statement as to a relevant matter. *American Fidelity &c. Co. v. McWilliams*, 55 Ga. App. 658, 662 (7) (191 SE 191) (1937). It follows that, when appellee attempted to elicit such purported impeaching evidence, the trial court did not err in failing to sustain appellant's hearsay objection. Appellant made no further objection that the purported impeaching evidence did not relate to a relevant matter and we express no opinion as to that question.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 11, 1991.

*William K. Blackstone*, for appellant.
*Miles, Baker & Morris, Keith M. Morris*, for appellee.