A90A2095. PITTS v. BODE.
(403 SE2d 66)

McMurray, Presiding Judge.

Clifton Bode (plaintiff) sued Donna Richardson Pitts (defendant) and alleged that he sustained injuries when defendant negligently drove her vehicle into his vehicle. Defendant denied the material allegations of the complaint. The case was later tried before a jury and the evidence showed that defendant drove a vehicle into the rear of the plaintiff's vehicle after coming over a hill on a two-lane highway and seeing plaintiff stopped in the road behind a turning vehicle. Plaintiff sustained serious injuries as a result of the collision. The jury returned a general verdict for plaintiff in the amount of $168,772.45. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court "erred in admitting into evidence . . . Plaintiff's Exhibit 6[,] a purported time log on lost wages consisting of 89 pages." Defendant argues this exhibit was cumulative of plaintiff's testimony "that he lost 214 days of work and [that] his lost wages amounted to $33,683.14." Defendant further argues plaintiff's Exhibit 6 is a "self-serving memorandum" (hearsay) that is not admissible as a business record under OCGA § 24-3-14 (b).

At trial, defendant objected to the introduction of plaintiff's Exhibit 6 because it is "duplicative" and "cumulative [of] time records that [plaintiff] testified about." However, defendant did not then point out what part of the 89 page exhibit is cumulative, nor did she raise any other objection to the admission of plaintiff's Exhibit 6. Under these circumstances, we find defendant's objection at trial too vague to have induced a specific ruling as to the cumulative nature of plaintiff's Exhibit 6. *Holiday Homes v. Bragg*, 132 Ga. App. 594, 596 (4) (208 SE2d 608). See *Columbian Peanut Co. v. Pope*, 69 Ga. App. 26, 29 (4), 30 (24 SE2d 710). It therefore follows that the trial court did not err in overruling defendant's objection to plaintiff's Exhibit 6. See *Levens v. Smith*, 102 Ga. 480, 484 (2) (31 SE 104). Further, we cannot address defendant's argument regarding the "self-serving" nature of plaintiff's Exhibit 6 since this ground was not asserted at trial. *Long v. Marion*, 182 Ga. App. 361, 363 (2) (355 SE2d 711), aff'd 257 Ga. 431 (360 SE2d 255). This enumeration is without merit.

2. In her second enumeration of error, defendant contends the

trial court erred in refusing to allow her to impeach plaintiff on cross-examination by asking why plaintiff failed to amend or update responses to defendant's interrogatories.

"Regulation of the scope of cross-examination is within the sound discretion of the trial court and this discretion will not be controlled unless it is manifestly abused. *Goldgar v. Galbraith*, 155 Ga. App. 429 (3) (270 SE2d 833)." *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 546 (6), 547 (309 SE2d 816). In the case sub judice, defendant's attorney cross-examined plaintiff on his interrogatory response regarding lost wages, pointing out that plaintiff's response to the interrogatory was outdated by almost a year and a half. He then asked, "Have you ever amended or changed your answers to these interrogatories?" Plaintiff's attorney interrupted and requested guidance as to the propriety of this line of questioning. In response, the trial court limited defendant's cross-examination regarding plaintiff's failure to amend and update defendant's interrogatories, pointing out that such examination was not impeaching in nature and that plaintiff had no duty to give defendant a daily amendment or update in response to defendant's interrogatories. The trial court then implied that defendant waived any requirement for plaintiff to periodically update his responses to the interrogatories by failing to request a supplemental response to the interrogatories from plaintiff. Under these circumstances, we find no abuse of the trial court's discretion in limiting defendant's counsel's cross-examination of plaintiff. Defense counsel was obviously attempting to impeach plaintiff with matters that are not relevant to the issues being tried and which are not impeaching.

3. Defendant contends the trial court erred in failing to give her requested instruction on the principle of legal accident, i.e., "If you should find from the evidence in this case that neither Plaintiff nor Defendant were guilty of negligence, then any injuries or damages would be the result of an accident. The word 'accident' has a specific and distinct meaning, as it is used in connection with this case. In Georgia Law, 'accidental' injury means, in connection with personal injury such as this, an injury which occurs without being caused by the negligence either of the Plaintiff or of the Defendant. The idea of accident removes responsibility for the cause of the injury. If you find from the preponderance of evidence that the Plaintiff's damages, if any, were caused by an accident as I have defined the word, the Plaintiff could not recover damages."

" ' " " 'A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper.' (Cits.)" (Cits.)' *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (2) (a) (251 SE2d 819) (1978)." *Annis v. Tomberlin & Shelnutt*

*Assoc.*, 195 Ga. App. 27, 34 (7) (392 SE2d 717). In the case sub judice, defendant's request to charge is not a complete statement of the law of accident and it is not precisely adjusted to the evidence.

"The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.*" *Chadwick v. Miller*, 169 Ga. App. 338, 339 (1), 344 (312 SE2d 835). In the case sub judice, there was evidence that an unidentified vehicle was involved in the collision between plaintiff and defendant and that the unidentified party caused the collision by forcing plaintiff to suddenly stop his vehicle in the middle of the road.[1] Defendant's request to charge did not include directions that the defense of "accident" would apply if the jury found that the occurrence took place in the *absence of negligence* and for which *no one would be liable*, including the unidentified party who stopped in front of plaintiff's vehicle. Consequently, the trial court did not err in refusing to give the requested charge. See *Wilhite v. Tripp*, 179 Ga. App. 428, 429 (1) (346 SE2d 586), where a charge on "accident" was authorized because "the jury could have found that it was not foreseeable to [the third party of an automobile collision] that stopping his car [on the edge of the road] would cause . . . a collision." Id. at 429.

4. In her final enumeration, defendant contends the trial court erred in sustaining plaintiff's objection "to the following question on the ground that said question was argumentative: 'Mr. Bode, can you just give us an explanation of why in your deposition you would not have mentioned that you thought [defendant] had been drinking?' "

As pointed out in Division 2 herein, "[r]egulation of the scope of cross-examination is within the sound discretion of the trial court and this discretion will not be controlled unless it is manifestly abused. *Goldgar v. Galbraith*, 155 Ga. App. 429 (3) (270 SE2d 833)." *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 546 (6), 547, supra. An examination of the record in the case sub judice reveals that defendant's counsel had earlier asked plaintiff why he did not mention his suspicion that defendant had been drinking on the day of the collision during plaintiff's deposition and that plaintiff responded, "It wasn't asked me, sir." Under these circumstances, we find no abuse of discretion in the trial court's ruling that defendant's question was argumentative. The question was not only agrumentative, it was redundant. This enumeration is without merit.

*Judgment affirmed. Carley, J., concurs. Sognier, C. J., concurs in*

---

[1] Defendant testified that she ran into the rear of plaintiff's vehicle when she "came down [a] hill and . . . saw [plaintiff] swerve over a little to the left, a car was turning and it didn't give a signal, and [plaintiff] was just right there in front of me. There was no place to go. . . ."

*the judgment only.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 1, 1991 —

*William M. Schiller, Jane T. Lex*, for appellant.
*Ralph E. Hughes*, for appellee.