## 54687. MONTGOMERY v. DeKALB STEEL, INC.

Shulman, Judge.

This appeal is from a grant of summary judgment in favor of defendant-appellee, DeKalb Steel, Inc.

Annie Pearl McCormick Montgomery brought a wrongful death action against DeKalb Steel, Inc. alleging that she was the lawful widow of Eugene Montgomery and seeking recovery for the full value of Eugene Montgomery's life. The case was tried before a court without a jury. In an order dated April 23, 1973, the court found that Annie Pearl McCormick Montgomery was the lawful wife of Eugene Montgomery at the time of the fatal occurrence and that DeKalb Steel, Inc. was legally liable for the death.

On June 23, 1973, Annie Pearl McCormick Montgomery filed a petition in probate court for no administration claiming to be the sole heir at law of Eugene Montgomery. An order was entered to that effect on August 20, 1973. On September 5, 1973, Annie Austin Montgomery filed a petition to set aside the order declaring no administration necessary on the grounds that she, and not Annie Pearl McCormick Montgomery, was the lawful wife of Eugene Montgomery. On September 18, 1973, the probate court entered an order dismissing the petition to set aside on the sole grounds that "Annie Pearl McCormick Montgomery has previously been declared the lawful widow of Eugene J.

Montgomery . . . by order of . . . DeKalb County Superior Court." Annie Austin Montgomery's appeal from that order is still pending. (See generally Code Ann. §§ 6-201, 113-2808).

On February 3, 1975, Annie Austin Montgomery commenced the action which is the subject of the instant case. Annie Austin Montgomery alleged that she was the lawful widow of Eugene Montgomery and sought recovery for his wrongful death from DeKalb Steel, Inc. DeKalb Steel, Inc. filed motion for summary judgment contending that by reason of the probate court's order, Annie Austin Montgomery was collaterally estopped from asserting her claim. The trial court agreed. We reverse.

1. Appellee contends that the probate court's judgment conclusively determined that Annie Pearl McCormick Montgomery, and not Annie Austin Montgomery, was the legal wife of Eugene Montgomery at the time of his death. It is submitted that by virtue of that judgment Annie Austin Montgomery is collaterally estopped from raising that issue in the instant case. This argument must fail.

A. As the judgment of the probate court is pending appeal, the defense of res judicata cannot be sustained in bar of the instant suit. *Lexington Developers v. O'Neal Const. Co.,* 143 Ga. App. 440.

B. Appellee urges that the judgment of the probate court is tantamount to a final judgment because of appellant's failure to take any further action on the pending appeal. This argument will not aid appellee.

"For the former judgment to be a bar, the merits of the case shall have been adjudicated." Code Ann. § 110-503. The order of the probate court was based solely on the determination of the superior court in Annie Pearl McCormick Montgomery v. DeKalb Steel, Inc. This does not constitute a determination on the merits as to a contest between Annie Pearl McCormick Montgomery and Annie Austin Montgomery and cannot serve as an estoppel. *Stowers v. Harris,* 194 Ga. 636, 639 (22 SE2d 405). The original wrongful death action in which Annie Austin Montgomery was neither a party nor in privity could not have conclusively determined as to Annie Austin Montgomery the issue of Eugene Montgomery's

marital relationship. *Patrick v. Simon,* 237 Ga. 742 (2) (229 SE2d 746).

2. Even had the order of the probate court constituted a final determination on the merits, DeKalb Steel, Inc. cannot defensively assert that judgment against Annie Austin Montgomery.

A plea of collateral estoppel is available in a wrongful death action. *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646). However, our Supreme Court held that although lack of mutuality would not necessarily preclude assertion of the plea, lack of privity would. *Gilmer v. Porterfield,* 233 Ga. 671 (212 SE2d 842). In accordance with that holding, defendant DeKalb Steel, Inc., a stranger to the action between Annie Austin Montgomery and Annie Pearl McCormick Montgomery, "lacks that privity necessary to raise the bar of res judicata or estoppel by judgment." *Gilmer v. Porterfield,* supra, p. 675.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 14, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Charles H. Hyatt, Drew & Jones, James B. Drew, Jr., Don M. Jones,* for appellant.

*Van Gerpen & Bovis, John M. Bovis, J. Stephen Jenkins,* for appellee.