56798. DEPARTMENT OF TRANSPORTATION v. EASTERN OIL COMPANY et al.

SMITH, Judge.

The Department of Transportation, condemnor, appeals from a jury award of compensation in an eminent domain proceeding. The parcel involved was a small, odd-shaped lot used by the condemnee as a service station. The enumerations address the instructions given the jury for determining the losses caused by the partial taking of this parcel. We find no error, and affirm.

1. Where special factors, such as uniqueness of the property, prevent the market value of the property from being the fair measure of compensation due the owner, other measures of value may be taken into account. E.g., *State Hwy. Dept. v. Augusta District of N. Ga. Conference, Methodist Church,* 115 Ga. App. 162 (154 SE2d 29) (1967). The trial court did not err in so charging here, for the evidence supported a conclusion that the property was sufficiently unique so that its fair market value would not be an appropriate measure of its value to the owners. An

appraiser testified that the property was unique in that it was an extremely small site, not appropriate for many alternate uses. He noted that service stations are not frequently bought and sold on the open market. Since sales of similar property are fundamental to a market value analysis, the appraiser has hit upon the keystone of the uniqueness rule. Unique properties "are generally not of a type bought or sold on the open market. Hence, there is no market value in the ordinary sense of the term, since market value pre-supposes a willing buyer and willing seller, which do not ordinarily exist in such a case. In cases of such a character, therefore, market value will not generally be the measure of compensation." 4 Nichols, Eminent Domain, § 12.32[1], p. 12-534.

There was sufficient evidence to support a conclusion that this property was of such a special-use nature, and alternate methods of computing its value to the owners were properly considered.

2. The charge on considering the cost of moving the gasoline pumps was correct. The jury had before it firm evidence of the cost of such an endeavor; hence, *Johnson v. Mayor &c. of Athens,* 119 Ga. App. 437 (2) (167 SE2d 664) (1969), is distinguishable.

Likewise, the charge going to the compensable value of improvements on the property is not erroneous for its failure to instruct the jury to depreciate those improvements. The record shows that the expert appraisal specifically took into account a depreciation factor to determine the value of those improvements at the time of the taking.

3. Interference with access to the remainder of a partially taken parcel is a compensable loss *(Price v. State Hwy. Dept.,* 111 Ga. App. 255 (1) (141 SE2d 215) (1965)) so long as the burden imposed on the condemnee differs in character from the burden placed by the taking on the general public. *Dougherty County v. Snelling,* 132 Ga. App. 540 (4) (208 SE2d 362) (1974). The evidence here authorized a conclusion that the interference with ingress and egress was a compensable taking under the above formulation.

4. The trial court did not err in refusing to charge on mitigation of losses. Though there is a duty on the

condemnee to take reasonable steps to minimize damages (*Garber v. Housing Authority of the City of Atlanta,* 123 Ga. App. 29 (179 SE2d 300) (1970)), we agree with the appellee's characterization of the evidence here, that is, that there is no evidence from which a jury could have determined that reasonable mitigatory options existed. See *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482 (241 SE2d 599) (1978), where mitigatory options plainly existed and were unquestionably fulfilled. Cf. *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (4) (235 SE2d 610) (1977), where the jury could have determined that reasonable mitigatory options existed and had not been exercised.

*Judgment affirmed. Deen, C. J., and Banke, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED MARCH 13, 1979 — REHEARING DENIED MARCH 29, 1979 — ▮

*Frank J. Rhodes, Jr., George H. Carley,* for appellant.

*Kidd, Pickens & Tate, Charles M. Kidd, Gwenn E. Dorb,* for appellees.