63200. ALMOND v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

DEEN, Presiding Judge.

This is an appeal from a jury verdict in an eminent domain case.

1. The appellant excepts to the first sentence of the following excerpt from the charge: "*I charge you that replacement value is not a proper standard for the measure of damages in a condemnation action unless you find that the property is so unique that it cannot be valued by any other method.* I further charge you that the replacement cost of any improvements may not be considered without taking into consideration the depreciation. Depreciation must necessarily be considered when the property and improvements are less than new."

Assuming without deciding that the jury would in fact have understood that the "replacement value" referred to in the first

sentence was intended to be the same as the "replacement cost of any improvements" referred to in the second, this case does not raise the usual attack levied against the "replacement cost less depreciation method" of appraising property, which is one of the three recognized methods of arriving at market value. *Housing Auth. of Atlanta v. Southern R. Co.,* 245 Ga. 229 (1. A.) (264 SE2d 174) (1980), quoting *Housing Auth. of the City of Atlanta v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93) (1965). (It is noted that the words "market value" and "non-fair market value method" as used in these cases may cause some confusion. In both, the aim is to establish the market value of a designated piece of property. The three recognized methods of doing so are the comparable sales or "market" approach, the income approach, and the replacement-cost-less-depreciation approach. The latter two are at times referred to in *Southern R. Co.,* supra, as "non-fair market" methods, meaning a method of arriving at market value other than the comparable sales method.)

The sentence objected to in the above charge is the law in some states, which have forbidden the replacement-cost-less-depreciation method in all situations except those in which the use of the property is unique so that it has little or no market value, as, for instance, an abandoned chapel or a lighthouse. See Denver Urban Renewal Authority, 558 P2d 442 (Colo.) 1976. It is emphatically not the law in Georgia. "In a condemnation action evidence of the replacement cost of the property to be taken is relevant and admissible." *State Hwy. Dept. v. Murray,* 102 Ga. App. 210 (1) (115 SE2d 711) (1980), quoted in *Dept. of Transp. v. Kendricks,* 150 Ga. App. 9, 12 (256 SE2d 610) (1979). "Restoration costs alone are not necessarily the measure of compensation for damaged property. Where the value of the property increases because of the restorations, then a depreciation factor should be applied to put the property owner back in the same condition that existed prior to the taking." *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (2) (235 SE2d 610) (1977). "However, we find no objection to a general statement of cost price to the owner as a part of [the] estimate of value, noting, however . . . that if the value is based on replacement cost (as opposed to purchase cost) it must be accompanied by information concerning other pertinent factors such as depreciation." *Housing Auth. v. Goolsby,* 136 Ga. App. 156, 159 (220 SE2d 466) (1975). "[T]he court erred in charging the jury that it could consider reproduction cost of the building without also instructing it to consider depreciation." *State Hwy. Dept. v. Clark,* 123 Ga. App. 627 (3) (181 SE2d 881) (1971). "The courts have generally held in this context that the owner or lessor is not entitled to replacement of an old structure without deduction for depreciation of the old one." *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99, 102

(179 SE2d 552) (1970) et cit. See also *Dept. of Transp. v. English,* 135 Ga. App. 425 (6) (218 SE2d 134) (1975). *Polk v. Fulton County,* 96 Ga. App. 733 (101 SE2d 736) (1957) illustrates the same principle. The court here avoided the pitfall of *Polk* by instructing the jury that replacement cost could not be considered without taking depreciation into account, but the statement that it could not be considered at all unless the property was so unique as not to be appraised by any other method is clearly error. We have carefully considered the testimony of the three expert witnesses as well as all the circumstances of the case in an attempt to assure ourselves that the statement was harmless error, but the effect of the charge was in fact to wipe out most of the testimony of the appellant. This building was, unfortunately, far from unique. It was an elderly structure on a corner lot in an older business section of the City of Atlanta. The larger part of the building was 30 years old, a smaller addition about 15 years. Part had been used as a garage and part was a liquor package store. The fact that the condemnee was having difficulty in replacing this location in the same general area is not a test of the "uniqueness" of the building. The instruction was potentially most harmful to the condemnee and requires reversal of the case.

2. The remaining enumeration of error is without merit. Where similar property is in fact available in the vicinity, the measure of damages is usually market value. Mere temporary business inconvenience in such cases is not compensable. *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (1), supra.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1982 —
REHEARING DENIED FEBRUARY 22, 1982 —

*Eugene R. Simons,* for appellant.
*Charles H. Pursley, Jr., Jo Lanier Meeks,* for appellee.