66326. DEPARTMENT OF TRANSPORTATION v. 2.734 ACRES OF LAND et al.

SHULMAN, Chief Judge.

This appeal involves a condemnation proceeding between appellant Department of Transportation and appellees Carpets by Ralph Currie, Inc. ("Currie"), and Concept 70 Atlanta, Inc. ("Concept 70"). On October 6, 1980, appellant filed its declaration of taking, condemning 2.734 acres of land and various ownership interests connected therewith, including the two leasehold interests that are the subject of this appeal. The land is located at the northwest quadrant of the intersection of Interstate Highways 85 and 285. Appellees were lessees of a building located on the condemned property, which building they used for retail sales showrooms and for warehousing the carpet sold by Currie and the furniture sold by Concept 70. On September 2, 1980, after a futile attempt to relocate in the immediate vicinity, Currie sold its assets to Carpet Ventures, Inc., but expressly reserved the right to collect any proceeds allocated pursuant to the condemnation proceedings.

Appellees testified at trial that their location at the condemned site was unique because of the high visibility and exposure from I-85

and I-285, the easy access to both of these interstate highways, and the fact that the area surrounding the property was relatively uncluttered by competing traffic. Furthermore, appellees asserted, each store drew customers to the other's store since both businesses were involved in home furnishings. Each appellee had stores in other locations in metropolitan Atlanta but both insisted that the stores located on the condemned premises were the cornerstones of their businesses.

Appraisers for appellant admitted that an actual purchase of a leasehold interest was "hard to track down" and that they did not find another such sale on which to base their appraisals. Both appraisers used methods of valuation different from the "direct comparison approach." Their estimates put the value of appellees' leasehold interest at approximately $40,000 for Currie and approximately $215,000 for Concept 70. Appraisers for appellees testified that the unique value of Currie immediately before the condemnation was $484,000 and that the value after condemnation was zero. The appraisers testified that the replacement value of Concept 70's leasehold interest would equal approximately $1,000,000.

The jury returned a verdict in favor of Currie for $52,285 for the value of the leasehold interest and $147,715 for the value of the business loss. The jury also returned a verdict in favor of Concept 70 amounting to $590,000 for the leasehold value and $500,000 for the value of the business loss. Appellant bases its appeal on numerous alleged errors on the part of the trial court.

1. Appellant argues that the trial court's denial of its motion in limine regarding evidence of the business loss damages of both appellees was error.

"[B]usiness losses are recoverable as a separate item only if the property is 'unique.' [Cits.]" *D. O. T. v. Dixie Hwy. Bottle Shop.,* 245 Ga. 314, 315 (265 SE2d 10). "Whether the property is unique is a jury question. [Cit.]" *MARTA v. Ply-Marts, Inc.,* 144 Ga. App. 482, 484 (241 SE2d 599). "The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even *slight* evidence consisting of inferences drawn from the testimony. [Cits.]" (Emphasis supplied.) *Housing Auth. of Atlanta v. Troncalli,* 111 Ga. App. 515, 517 (142 SE2d 93). Since only slight evidence is necessary to authorize a jury charge on the uniqueness of a business and the subsequent recovery of its losses, it would be gross error to grant a pre-trial motion that would prevent any attempt to present such evidence to the jury. Furthermore, even if the evidence had not been sufficient to authorize an instruction on the separate recoverability of the business losses, evidence of those losses would be admissible to

establish "consequential damages to the remaining property." *Dixie Hwy. Bottle Shop v. D.O.T.,* 154 Ga. App. 405, 406 (268 SE2d 442). The trial court was therefore correct in denying appellant's motion in limine. The fact that Currie had previously been sold has no effect on this holding. See Division 2 of this opinion.

2. Appellant objects to the trial court's charge relating to the sale of the business and authorizing recovery of leasehold and business loss damages despite the fact that Currie was not in existence on the date of the taking.

Appellant failed to object to this particular charge at trial, thereby waiving appellate consideration of this issue. OCGA § 5-5-24 (Code Ann. § 70-207); *Hunter v. Batton,* 160 Ga. App. 849 (1) (288 SE2d 244). Even so, if no waiver had occurred, appellant's objection would still have been without merit. This situation is controlled by *Glynn County v. Victor,* 143 Ga. App. 198 (2) (237 SE2d 701), where there was evidence that the business in question had closed some three years before the date of taking. The court distinguished *Glynn County* from *Housing Auth. of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226), and its progeny, stating that *Schroeder* involved the admissibility of evidence of fair market value as of a date other than that of the actual taking whereas *Glynn County* involved the right to specific damages as other elements of compensation. See *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884).

In the present case, the time lapse between the sale of the business and the date of taking was only one month and the catalyst of the sale was undoubtedly the impending condemnation proceedings. Accordingly, the facts in support of the trial court's charge in this instance present an even stronger case than those in *Glynn County v. Victor,* supra.

3. Appellant contends that the trial court's charge regarding the alleged uniqueness of appellees' businesses was improper because it was an incorrect statement of law.

The search for the present test of when a business is adequately "unique" so as to allow the recovery of business loss damages in a condemnation proceeding leads one through a convoluted maze of seemingly irreconcilable decisions. In *Housing Auth. of Atlanta v. Troncalli,* supra, this court stated the rule as follows: "If the property must be duplicated for the business to survive, and if there is no substantially comparable property within the area, then the loss of the forced seller is such that market value does not represent just and adequate compensation to him." Id., p. 518. This "locality rule" remained undisturbed until 1968 when the court, in *City of Gainesville v. Chambers,* 118 Ga. App. 25 (162 SE2d 460), expressly rejected it calling the *Troncalli* rule "too generally inclusive of almost

all real property." Id., p. 27. The court stated, " 'Before weight is given to peculiar value to the owner, it must appear, not that the property is peculiar, but that the relationship of the owner thereto is peculiar — its advantages to him more or less exclusive — that is, that it is property having value peculiar to the owner only, and without possible like value to others who might acquire it; property with characteristics of location or construction which limit its usefulness, and therefore, its value, to the particular owner of it, so that these elements of value cannot pass to a third party...' [Cits.]" Id. It should be noted, however, that the *Chambers* case does not involve a business loss situation but concerns only residential and rental real estate. In fact, the court in *Chambers* explicitly recognizes that it is factually inapposite to *Troncalli.*

In *Hinson v. D. O. T.,* 135 Ga. App. 258 (217 SE2d 606) (a business loss situation), this court cited *Troncalli* and followed the locality rule it had espoused, apparently recognizing that *Chambers* was not factually on point.

Three years later, in *MARTA v. Ply-Mart, Inc.,* supra, while addressing an evidentiary problem, the court cited *Chambers* as authority for the general rule of uniqueness, seemingly ignoring its factual differences. It was stated, however, that evidence of the "particular advantages of the condemned property's location" was admissible to authorize consideration of business loss damage. Therefore, although citing *Chambers,* the court also supported the *Troncalli* interpretation of the uniqueness rule. Later in the same year, the court again cited *Troncalli* as the sole controlling authority regarding the determination of a business' uniqueness. *D. O. T. v. Kendricks,* 148 Ga. App. 242 (250 SE2d 854).

A third rule was introduced in *D. O. T. v. Eastern Oil Co.,* 149 Ga. App. 504 (1) (254 SE2d 730). The court held there that "[u]nique properties 'are generally not of a type bought or sold on the open market. Hence, there is no market value in the ordinary sense of the term, since market value pre-supposes a willing buyer and willing seller, which do not ordinarily exist in such a case. . .[T]herefore, market value will not generally be the measure of compensation.' [Cit.]" Id., p. 505. The Supreme Court followed this line of reasoning in *Housing Auth. of Atlanta v. Southern R. Co.,* 245 Ga. 229 (264 SE2d 174), generalizing this view, however, by stating that "unique property is simply property which must be valued by something other than the fair market value." Id., p. 230. It is the view of this court that the Supreme Court did not intend to suggest that a business was unique *only* when its fair market value was indeterminable, but the court held that uniqueness followed from the *inadequacy* of the fair market value as just compensation. See *Bowers v. Fulton County,*

supra, p. 739; and *Ga. Power Co. v. Bishop,* 162 Ga. App. 122 (6) (290 SE2d 328).

The year after the *Southern R. Co.* decision, this court again followed the *Troncalli* rule by name in *D. O. T. v. Vest,* 160 Ga. App. 368 (287 SE2d 85), and by implication in *Theo v. D. O. T.,* 160 Ga. App. 518 (287 SE2d 333). "[T]he element of uniqueness relates primarily to the characteristics and location of the land, viewed in conjunction with the use to which it is being put, rather than to the characteristics of the owner." *Theo,* supra, p. 521. A seemingly contradictory statement was issued in *Almond v. MARTA,* 161 Ga. App. 363 (288 SE2d 129), in which this court stated, "The fact that the condemnee was having difficulty in replacing this location in the same general area is not a test of the 'uniqueness' of the building." Id., p. 365. Review of the facts in *Almond* reveals that that case involved the uniqueness of only the real estate, i.e., the building, and *not* of a business in relation to the location of the building as in the present case.

In *Heilman v. D. O. T.,* 162 Ga. App. 547 (290 SE2d 189), the court cited *both* the *Troncalli* locality rule and the *Southern R. Co.* comparable sales rule as authority for the present uniqueness rule. Earlier this year, in *Macon-Bibb County &c. Auth. v. Reynolds,* 165 Ga. App. 348 (299 SE2d 594), this court, after distinguishing between "unique" and "peculiar," cited both the comparable sales test and the *Chambers* unique to the owner rule. The only logical conclusion that can be drawn from this farrago of legal precedent is that the three general rules regarding the uniqueness of a business in a condemnation proceeding have been merged to include all three concepts as independent criteria under one general rule. Only one of the three criteria need be satisfied in order to authorize recovery of business loss damage. It is up to the jury to decide whether enough evidence exists to support the condemnee's contention that fair market value (if ascertainable at all) does not afford him just and adequate compensation. *MARTA v. Ply-Marts, Inc.,* supra, p. 484.

Since the trial court in the present case charged the jury on all three interpretations of the uniqueness rule and at least *slight* evidence existed for the jury to make a determination using any of the concepts of uniqueness, the charge was proper and the enumeration of error regarding it is therefore without merit. *Housing Auth. of Atlanta v. Troncalli,* supra, p. 517.

4. Appellant asserts that the recovery by appellees of fair market value and business loss damages constituted an illegal double recovery. The authorities appellant cites in support of this argument involve situations where the *owner* of the land is seeking additional damages. *D. O. T. v. Vest,* supra; *Housing Auth. of Atlanta v.*

*Southern R. Co.,* supra; *D. O. T. v. Eastern Oil Co.,* supra. In the case at bar, it is the *lessee* of the property who is attempting to recover business loss damages due to the total destruction of his business on the condemned premises. "[W]hen the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation *separate* from the value of the land. . .[Cit.]" (Emphasis supplied.) *D. O. T. v. Dixie Hwy. Bottle Shop,* supra, p. 315.

Even apart from this obvious distinction, any case holding that the damage caused by the total destruction of a business is not separately recoverable from the fair market value must be seriously questioned in light of the Supreme Court's holding in *Bowers v. Fulton County,* supra. "The destruction of an established business is and must be a separate item of recovery . . . for frequently the value of the business greatly exceeds that of the premises where it is conducted." Id., p. 739.

Therefore, the recovery by appellees of business loss damages beyond the fair market value of their respective leaseholds did not constitute an illegal double recovery and, accordingly, appellant's contention is without merit.

5. Appellant contends that the trial court erred in admitting evidence of the unprofitability of a carpet business undertaken by appellee Currie 25 miles from the condemned property, because such evidence was irrelevant. "Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. [Cit.] Moreover, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. [Cits.]" *Kelly v. Floor Bazaar, Inc.,* 153 Ga. App. 163, 165 (264 SE2d 697). "Even where irrelevant evidence is admitted over timely objection, it affords no cause for a new trial, unless the nature of the evidence is such as reasonably to prejudice the rights of the objecting party. [Cit.]" *Continental Trust Co. v. Bank of Harrison,* 36 Ga. App. 149, 150 (Hn. 5) (136 SE 319). See generally OCGA §§ 9-11-61 (Code Ann. § 81A-161) and 24-2-1 (Code Ann. § 38-201).

We find the evidence regarding the lack of profit of this particular store supported Currie's contention that it could not successfully relocate the store situated on the condemned property. Furthermore, even if the evidence had been irrelevant, appellant failed to carry the burden of proving that the admission of the evidence was unduly prejudicial to its rights. Appellant's contention is therefore without merit.

6. Finally, appellant asserts that the trial court erred in allowing

appellees' counsel to cross-examine one of D.O.T.'s appraisal witnesses regarding the cost per square foot of his office space. The witness' office was located in a building at Presidential Park, which was situated just across Interstate 85 from the condemned property. Appellant's witness had testified that comparable rental space in the area would cost appellees $1.40 per square foot. Appellees' counsel was allowed to elicit on cross-examination that the witness' own office space rented for $8.50 per square foot. The testimony was obviously adduced to illustrate that other rental space in the immediate area rented for much more than the amount of the witness' appraisal.

" '[C]omparability is generally a matter for determination by the court and admission of testimony relating thereto lies within the trial court's discretion . . . [Cit.]' " *Weaver v. Ga. Power Co.,* 134 Ga. App. 696, 698 (215 SE2d 503). "The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him . . ." OCGA § 24-9-64 (Code Ann. § 38-1705). Regulation of the scope of cross-examination is within the sound discretion of the trial court and this discretion will not be controlled unless it is manifestly abused. *Goldgar v. Galbraith,* 155 Ga. App. 429 (3) (270 SE2d 833).

We find that the Presidential Park offices were not so incomparable to the condemned property that the admission of this evidence would constitute an abuse of the trial court's discretion.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 28, 1983 —
REHEARING DENIED OCTOBER 21, 1983 — 

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Roland F. Matson, Michael E. Hobbs, William C. Joy, Assistant Attorneys General, A. Joseph Nardone, Special Assistant Attorney General,* for appellant.

*J. Corbett Peek, Jr., James G. Peek, Charles N. Pursely, Jr.,* for appellees.