## 70819. FULTON COUNTY v. WINKLES.
### (337 SE2d 453)

BENHAM, Judge.

Appellant brings this appeal from a judgment entered on a jury verdict awarding appellee $134,975 as compensation for the condemnation of his property. All four of appellant's enumerations of error concern the submission to the jury of the question of uniqueness and peculiar value of the property.

1. The essence of appellant's first enumeration of error is that it is improper to submit the question of uniqueness to the jury and to authorize an award based on some value other than fair market value in a case in which recovery for business losses is not sought. Appellant

has not cited any case holding that such a limitation exists; we note, however, that the principles involved here have been applied by this court in a case not involving business losses. In *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348 (3) (299 SE2d 594) (1983), the condemnor condemned a permanent sewer easement across the condemnees' residential property and the trial court instructed the jury that there were circumstances in which actual value and fair market value were not the same, those circumstances involving the peculiar value of the property to the owner. After explaining at length the distinction between "unique value" and "peculiar value," this court reversed the judgment because there was no evidence to support the charge. However, there was no suggestion in that opinion that the concept of unique or peculiar value had no application to cases in which a recovery for business losses was not sought. We are not persuaded by appellant's argument that the concept should be so narrowly applied.

2. Appellant's other three enumerations of error concern jury instructions on the subject of unique or peculiar value. The three charges given set out the three tests for uniqueness enunciated in *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (3) (309 SE2d 816) (1983). Contrary to appellant's assertion, there was evidence to support a charge on each of the tests.

The "locality" or *Troncalli* rule (*Housing Auth. of Atlanta v. Troncalli*, 111 Ga. App. 515 (142 SE2d 93) (1965)) was applicable here because there was testimony from witnesses for both condemnor and condemnee that there was no substantially comparable property within the area. The "unique to the owner" or *Chambers* rule (*City of Gainesville v. Chambers*, 118 Ga. App. 25 (162 SE2d 460) (1968)) was properly given in charge under evidence showing that the owner had built and operated the service station and garage on the property and, since his retirement, has subsisted on the rental of the property, which he was able to collect personally without management fees since he managed the property himself. The third uniqueness concept has been called a "comparable sales test" (*Dept. of Transp. v. 2.734 Acres of Land*, supra at 545) and applies when there is no general market for such property. *Macon-Bibb County &c. Auth. v. Reynolds*, supra at 353. The transcript in this case contains testimony from both of appellee's expert witnesses to the effect that property such as appellee's containing a garage adjoining a service station, was not commonly sold on the open market.

We conclude, therefore, from a review of the record and the applicable law, that the charges of which appellant complains were supported by the evidence. Appellant's second, third, and fourth enumerations of error are without merit.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

 

DECIDED NOVEMBER 4, 1985.

*Robert G. Young*, for appellant.
*Charles M. Kidd, David N. Schaeffer*, for appellee.