A90A1096. DEPARTMENT OF TRANSPORTATION
v. BALES et al.
(400 SE2d 21)

SOGNIER, Judge.

The Department of Transportation condemned .296 acres of land in LaGrange, which was the site of Robert Bales's convenience store and filling station. A jury found that Bales was entitled to just compensation in the amount of $389,945. The trial court denied the DOT's motion for a new trial, and it appeals.

1. The DOT contends the trial court erred by overruling its objection to certain testimony by appellee. At trial appellee introduced photographs depicting the store on the condemned property, which showed paint peeling off the gasoline canopy in the photos. Referring to the photographs, appellee's counsel asked him why did the store get into the condition shown by the photos, and appellee responded, "[i]f you knew you were going to be disbarred tomorrow you wouldn't go home and read a lot of law books. I knew the state was coming, so I didn't want to spend any money. I didn't feel like I could recuperate."

The DOT moved to strike appellee's testimony on the stated basis that the effect appellee's knowledge of the highway project had on his decision whether or not to repair the property was not admissible. The trial court overruled the objection, and appellee went on to testify that although the paint was peeling, the gasoline canopy was made of aluminum shingles with a baked on enamel which was in good condition underneath the paint.

Considering the challenged statement in the context of all the

testimony introduced, see generally *Haywood v. Wooden Peg, Inc.*, 174 Ga. App. 806, 808 (2) (331 SE2d 109) (1985), we do not agree with the DOT that the testimony in issue was elicited to persuade the jury to compensate appellee without consideration of the deteriorated current condition of the convenience store. However, even reviewing the challenged remark removed out of its context, it appears appellee was echoing a comment made by Scott Gordy, appellee's expert witness, who had earlier testified, without objection, that "[w]hen you know a road is coming, a road is going to go through your front door, you don't spend good money after bad." It was not harmful error for appellee to repeat what had been admitted earlier without objection. See *Eiberger v. Martel Electronic*, 125 Ga. App. 253, 255-256 (6) (187 SE2d 327) (1972).

2. The DOT contends the trial court erred by not striking appellee's testimony that it would cost $450,000 to replace what he lost in the condemnation because appellee's sum did not include any depreciation. The transcript reveals that appellee, a 63 year old, self-made man, valued the realty by taking the purchase price and appreciating it over the seven years he had owned it, but he did not depreciate the store, its fixtures, or any of the other personalty on the property, testifying on cross-examination that "seven years of my life have gone into that land and why should I be required to take the depreciation on my life?"

The trial court overruled the DOT's motion to strike because appellee's expert witness, Gordy, had earlier testified that the replacement value of appellee's land, store, and equipment would total $575,000 with a depreciation factor of 15 to 20 percent, or $488,750 to $460,000. While the transcript does not support appellee's assertion on appeal that he testified he relied upon his conversations with Gordy to arrive at his $450,000 amount, we do agree with appellee that this enumeration does not present reversible error. In view of Gordy's testimony, appellee's testimony regarding the value of the condemned property was not the only evidence on which the jury could have based its verdict. Compare *Western Geophysical Co. v. Rowell*, 126 Ga. App. 427, 429 (2) (190 SE2d 921) (1972). Further, the verdict returned by the jury was approximately $60,000 less than the undepreciated amount claimed by appellee (a 13.35 percent reduction) and considerably less than the $575,000 figure stated by Gordy, even after Gordy's depreciation figures are factored into the amount. Therefore, in the context of the other evidence introduced in the case, we do not find appellee's testimony to have been unduly prejudicial, see *Department of Transp. v. Brand*, 149 Ga. App. 547, 549-550 (5) (254 SE2d 873) (1979), Div. 3 of which was overruled in *MARTA v. Dendy*, 250 Ga. 538, 541-542 (299 SE2d 876) (1983), even though technically the testimony was deficient because appellee did not fac-

tor depreciation into the final amount. Id.

3. The trial court charged the jury that "[t]he law permits an owner of property in which land is taken in an eminent domain trial to testify as to his opinion of the market value of such land, and the testimony of an owner as to value is to be [weighed] and considered by you as that of any other witness expressing an opinion as to market value at the time of the taking. You should determine if the reasons given in support of the land [owner's] opinion as to market value are sound or unsound, and you may reject that opinion or give it whatever weight you think it deserves."

The DOT contends this charge was defective because the first sentence did not include the requirement that the landowner must first give the reasons for his opinion of the property's value before he can testify to that value. While we agree with the DOT that a non-expert must state the facts upon which his opinion is based before his opinion is admissible, OCGA §§ 24-9-65; 24-9-66; *State Hwy. Dept. v. Raines*, 129 Ga. App. 123 (1) (199 SE2d 96) (1973), we disagree with the DOT that the charge as given utterly fails to reflect that requirement. "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation and citation omitted.) *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (3) (385 SE2d 746) (1989). The second sentence of the charge required the jury to determine "if the reasons *given*" by the landowner were sound or unsound: implicit in this sentence is the fact that reasons *were* given by the landowner. The DOT does not deny that appellee testified to the reasons for the value he placed on his condemned property (including the reasons why he refused to depreciate that property). Although we do not approve the charge as given and would have to find it harmful error in a case where questions existed regarding whether the non-expert stated the bases for his opinion, we do not find the giving of this charge reversible error here.

4. The DOT contends the trial court improperly charged the jury on the unique value and the peculiar value of the property because there was no evidence to support a jury finding that the property was unique or had peculiar value to appellee, or, alternately, because there was no evidence of the value of the unique property to enable the jury to return a verdict based on the property's uniqueness. " 'The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even *slight* evidence consisting of inferences drawn from the testimony. (Cits.)' . . . [Cit.]" *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 542 (1) (309 SE2d 816) (1983). See also *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414, 417 (5) (343 SE2d 497) (1986).

The DOT does not challenge the well-established proposition

that a property is unique if it is a type of property not generally bought or sold on the open market. *Department of Transp. v. 2.734 Acres of Land,* supra at 544. Rather, the DOT asserts that there was no evidence to support the trial court's charge that "[appellee] contends that his property is unique because it is generally of a type not sold on the open market. If you find a property is not generally sold on the open market, you may consider the unique value to the owner." However, a review of the transcript reveals that the DOT's own expert witness, George Steven Collins, testified twice on direct, once on cross-examination, and once on re-direct that convenience stores like appellee's store fall into the types of properties that are not typically involved in market transactions of real estate in a given area and are not generally bought or sold on the open market. We find this evidence sufficient to authorize the jury charge given. See *Fulton County v. Winkles,* 176 Ga. App. 690, 691 (2) (337 SE2d 453) (1985).

In regard to the peculiar value of the property to appellee, evidence was adduced that at least 40 percent of appellee's sales came from the fried chicken appellee prepared in his store. Appellee testified that most of the purchasers of his fried chicken were walk-in customers, and that although he was currently selling his fried chicken, among other food items, from another's store only two blocks away from his condemned property, his sales were down 75 percent from his former location. This evidence was sufficient to authorize the trial court's giving of the challenged charge. See *Glynn County v. Victor,* 143 Ga. App. 198, 199-200 (3) (237 SE2d 701) (1977).

The DOT also argues there was no evidence adduced from which the jury could determine the value of appellee's unique property. We find no merit in the DOT's argument that the testimony of appellee's expert witness, Gordy, was anything other than "replacement cost new less depreciation," one of the three recognized techniques for determining market value. *Housing Auth. of Atlanta v. Southern R. Co.,* 245 Ga. 229, 230 (1) (A) (264 SE2d 174) (1980). That method is one of the non-fair market methods of valuation used to measure unique property. Id. As to the sufficiency of that evidence, "[o]nce a condemnee gets over the hurdle of proving the property to be 'unique,' proving damages by an alternative, non-fair market value method is the sole remaining burden, and a question for the jury." Id. at 231 (1) (A).

5. The DOT asserts that it was entitled to a new trial because the evidence was insufficient to support the verdict, specifically claiming that the expert testimony of appellee's expert witness, Gordy, had no probative value. "The determination of value and of whether an expert's opinion as to value should be accepted are questions for the jury." *Department of Transp. v. Adams,* 193 Ga. App. 866, 867 (1)

(389 SE2d 343) (1989). At trial Gordy testified about his employment handling all legal aspects of a company that owns and develops convenience stores in Georgia, Alabama, and Florida, and detailed the duties of that job including, inter alia, locating property for such stores, negotiating the sale or purchase of properties, and overseeing the construction of stores. Gordy listed the factors important to the operation of a convenience store (e.g., location, traffic count, curb cuts, zoning, etc.) and applied those factors to appellee's store, based upon his personal observation of the store. Then, based upon his educational background and his work experience, he gave his opinion of the cost involved in putting a store in LaGrange comparable in size and other stated details to appellee's property and gave his opinion about the depreciation factor to be applied.

"In a civil case, a trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is *no* evidence to support the verdict." (Punctuation and citations omitted.) *Mathis v. Dept. of Transp.*, 185 Ga. App. 658 (1) (365 SE2d 504) (1988). While the transcript reflects that Gordy's appraisal methods did not duplicate the standards used by M.A.I. designated real estate appraisers such as the DOT's expert witness, we do not agree with the DOT that Gordy's testimony was not sufficient to support the jury's verdict. Our review of the transcript indicates that the DOT's objection to Gordy's testimony is, in actuality, a challenge to the weight of that testimony. On appeal, this court considers the sufficiency of the evidence and not its weight. *Hawkins v. Grady County Bd. of Tax Assessors*, 192 Ga. App. 416, 417 (2) (385 SE2d 305) (1989). We find no error in the trial court's denial of the DOT's motion for a new trial on the sufficiency of the evidence. *Mathis*, supra.

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED DECEMBER 4, 1990.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Roland F. Matson, Senior Assistant Attorney General, Thurman E. Duncan, Special Assistant Attorney General*, for appellant.

*Louis J. Kirby*, for appellees.