A91A0796. DEPARTMENT OF TRANSPORTATION v. HARRIS et al.
(410 SE2d 360)

McMURRAY, Presiding Judge.

The Georgia Department of Transportation ("DOT") filed this appeal after the denial of a motion for new trial from a judgment on a jury's verdict, awarding $349,255 to Dr. Thomas L. Harris II for the partial-taking of property containing Harris' veterinary clinic. *Held*:

1. DOT asserts the general grounds in its first three enumerations and contends the trial court erred in denying its motion for new trial, arguing that evidence of Harris' business losses was improperly before the jury.

Richard L. Stallings testified for Harris and proved his qualification as an expert real property appraiser. Stallings valued the partial taking of Harris' property at $91,123 and determined consequential loss to the remaining parcel to be $91,577. Stallings also considered costs associated with maintaining and relocating Harris' veterinary clinic and substituted these expenses for traditional business losses, i.e., the diminution in value of the veterinary business. Stallings then concluded that Harris' total loss amounted to $349,255. DOT did not object to any portion of this testimony.

" 'A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later.' *Simmons v. Edge*, 155 Ga. App. 6, 8 (270 SE2d 457) (1980)." *Willis v. State*, 197 Ga. App. 230 (2) (398 SE2d 259). In the case sub judice, DOT waived any challenge to evidence over the actual and consequential cost of the condemnation by failing to object to such evidence at trial. Consequently, we do not reach DOT's arguments regarding the vitality of the evidence which supports the jury's verdict. It is sufficient to say that the trial court did not err in denying DOT's motion for new trial because the unchallenged evidence authorized a verdict for Harris in the amount of $349,255. *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304, 309 (7) (187 SE2d 915).

2. DOT further contends the jury's verdict was not in line with the assessment of damages given by Harris' expert witness. This contention presents no harmful error.

"To warrant reversal, the alleged error must be harmful. [Cits.]" *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821). In the case sub judice, the jury orally announced a $349,355 verdict for Harris. This award is $100 more than the assessment of damages given by Harris' expert witness, Richard L. Stallings. However, the verdict form and the judgment reflect a reduced award of $349,255. This amount is in line with Stallings' assessment of damages.

3. DOT contends there was insufficient evidence to authorize the trial court's charge on business losses and unique property. This con-

tention is without merit.

"[A] property is unique if it is a type of property not generally bought or sold on the open market. *Department of Transp. v. 2.734 Acres of Land,* [168 Ga. App. 541, 543 (3), 544 (309 SE2d 816).]" *Department of Transp. v. Bales,* 197 Ga. App. 862, 864 (4), 865 (400 SE2d 21). In the case sub judice, there is expert testimony showing that Harris' veterinary clinic is property which is not ordinarily bought and sold on the open market. This evidence authorizes the trial court's charge on business losses and unique property. *Department of Transp. v. Bales,* 197 Ga. App. 862, 864 (4), 865, supra.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, C. Bradford Sears, Jr.,* for appellant.
*C. Jerry Willis,* for appellees.

