A91A0748. DEPARTMENT OF TRANSPORTATION v. LIVINGSTON.
(413 SE2d 249)

POPE, Judge.

The appellant Department of Transportation (DOT) condemned .306 acres of land located on the corner of Main and Morgan Streets in LaGrange, Georgia. The property was the site of a full service filling station owned and operated by Joe Livingston, Jr. The trial court entered judgment on the jury's verdict awarding Livingston $391,000 as just and adequate compensation for the property taken and the DOT filed a motion for new trial. The trial court denied the motion for new trial on November 1, 1990 and the DOT filed a timely appeal to this court. *Held:*

1. DOT first contends the verdict was contrary to law because the evidence failed to show the property taken was unique. We disagree. "In *Dept. of Transp. v. 2.734 Acres of Land*, [168 Ga. App. 541 (3) (309 SE2d 816) (1983)] this court examined the 'uniqueness' rules enunciated in *Housing Auth. of Atlanta v. Troncalli*, 111 Ga. App. 515 (142 SE2d 93) (1965); *City of Gainesville v. Chambers*, 118 Ga. App. 25 (2) (162 SE2d 460) (1968), and *Department of Transp. v Eastern Oil Co.*, 149 Ga. App. 504 (1) (254 SE2d 730) (1979), and their progeny, and found that these 'three general rules regarding the uniqueness of a business in a condemnation proceeding have been merged to include all three concepts as independent criteria under one general rule. Only one of the three criteria need be satisfied in

order to authorize recovery of business loss damage. It is up to the jury to decide whether enough evidence exists to support the condemnee's contention that fair market value (if ascertainable at all) does not afford him just and adequate compensation. (Cit.)' " *Department of Transp. v. Coley*, 184 Ga. App. 206, 209 (4) (360 SE2d 924) (1987).

In this case the evidence presented was sufficient under all three of the rules enunciated in *Department of Transp. v. 2.734 Acres*, 168 Ga. App. 541 (3) (309 SE2d 816) (1983). The property was located at an important traffic artery in a heavily trafficked area, and one of the first filling stations built in the LaGrange area had been situated on the condemned property. Livingston's family had owned and operated a full service filling station on the property since 1940 (approximately 50 years). Many of his customers had done business with him for 25 years or longer and a few customers had traded at the station for 40 years. Testimony was presented that one reason for Livingston's profitability was his long-standing operation in the area which "had produced benefits that other people would not have." Moreover, the station was located in a heavily commercial area and several of the accounts, which Livingston testified would not follow him to another location, resulted from this geographic proximity to surrounding businesses. Livingston testified he could not duplicate the type of business he had outside of his present location and that he had been unable to purchase a comparable relocation site in the area. Testimony was also presented concerning the lack of comparable sales in the area and the fact that filling stations such as the one owned by Livingston (a "Mom and Pop" type station offering full service to its customers), which were being replaced by convenience-store-type filling stations, in particular were not being bought and sold on the open market. In light of this and other testimony concerning the uniqueness of the condemned property, we find no error in the trial court's denial of the motion for new trial on the issue of the sufficiency of the evidence to support the award of business losses. See *Department of Transp. v. Bales*, 197 Ga. App. 862 (4) (400 SE2d 21) (1990); *DeKalb County v. Glaze*, 189 Ga. App. 1 (2a & b) (375 SE2d 66) (1988); *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414 (5) (343 SE2d 497) (1986); *Department of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287 (1) (342 SE2d 760) (1986).

2. The DOT also argues that the evidence presented by Livingston's expert had no probative value and thus was insufficient to establish a business loss. "[W]e do not agree with the DOT that [the expert's] testimony was not sufficient to support the jury's verdict. . . . [T]he DOT's objection to [the] testimony is, in actuality, a challenge to the weight of that testimony. On appeal, this court considers the sufficiency of the evidence and not its weight. *Hawkins v.*

*Grady County Bd. of Tax Assessors,* 192 Ga. App. 416, 417 (2) (385 SE2d 305) (1989)." *Department of Transp. v. Bales,* supra at 866. The evidence was sufficient to authorize the award of business losses in this case.

3. The DOT also contends the jury's verdict was against the weight of evidence. As stated in Division 2, supra, this court considers the sufficiency of the evidence, not its weight. This enumeration is without merit.

4. In its last two enumerations of error, the DOT contends the trial court erred in charging the jury on peculiar or special value and uniqueness because there was no evidence to support these charges. "Whether property is unique is a jury question, and only slight evidence of uniqueness is required to warrant the submission of the issue to the jury. [Cits.]" *DeKalb County v. Glaze,* 189 Ga. App. 1, 4 (2b) (375 SE2d 66) (1988). In this case ample evidence was presented to support the charges in question. See Division 1, supra. Consequently, this enumeration is also without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 26, 1991.

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, C. Bradford Sears, Jr.,* for appellant.
*Willis, McKenzie & Long, C. Jerry Willis,* for appellee.