A92A1681. MONROE et al. v. KERSEY et al.
(427 SE2d 80)

CARLEY, Presiding Judge.

Appellant-plaintiffs brought suit, alleging fraud in connection with their purchase of shares of stock in a corporation which eventually became insolvent. Appellee-defendants answered, denying the material allegations of the complaint. The case was tried before a jury and a verdict in favor of appellees was returned. Appellants appeal from the judgment entered by the trial court on the jury's verdict.

1. The evidence was sufficient to authorize the verdict in favor of appellees and did not demand a verdict in favor of appellants. Accordingly, there is no merit in appellants' enumeration of the general grounds.

2. During the closing argument by appellees' counsel, appellants invoked no ruling by the trial court. Thus, an enumeration of error which is predicated upon an allegation of improper argument by appellees' counsel presents nothing for review. *Cochran v. State*, 213 Ga. 706 (2) (100 SE2d 919) (1957).

3. The admission of evidence, without objection, likewise presents nothing for review. " ' "A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later." [Cit.]' [Cit.]" *Dept. of Transp. v. Harris*, 201 Ga. App. 160 (410 SE2d 360) (1991).

4. When appellees called one of their witnesses, appellants objected because he had not been named in the pre-trial order. The record does not indicate, however, that any pre-trial order had ever been entered in this case. In any event, appellants were given an opportunity to interview this witness prior to his testimony and there was no abuse of discretion in allowing him to testify over the objection that he had not been named in the pre-trial order. *Nease v. Buelvas*, 198 Ga. App. 302, 303 (401 SE2d 320) (1991).

Appellants further urge that the witness should not have been allowed to testify because he had previously been in the courtroom in violation of the rule of sequestration. It appears, however, that the witness had merely stepped into the courtroom and then immediately left. In any event, the trial court found that the witness had not been in the courtroom "that long" and there was no abuse of the trial court's discretion in allowing him to testify. *Trade City G. M. C. v. May*, 154 Ga. App. 371, 372 (3) (268 SE2d 421) (1980).

5. Another shareholder had previously brought suit against appel-

lees. Appellants urge that they were erroneously precluded from relying upon the judgment in that prior action as evidence of appellees' liability to them in the instant action. However, appellants obviously have no privity with the other shareholder. " 'Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property.' " *Morris v. Ga. Power Co.*, 65 Ga. App. 180 (1a) (15 SE2d 730) (1941). Accordingly, just as appellees could not plead any judgment rendered in the prior action as a *bar* to appellants' instant action, appellants could not introduce any judgment rendered in that prior action as evidence of appellees' liability in the instant action. See *Roberts v. Porter, Davis, Saunders & Churchill*, 193 Ga. App. 898, 900 (1) (389 SE2d 361) (1989); *Montgomery v. DeKalb Steel*, 144 Ga. App. 191, 193 (2) (240 SE2d 741) (1977); *Alcovy Realty Co. v. Stone Mt. Abstract Co.*, 137 Ga. App. 597 (224 SE2d 519) (1976).

6. Appellants urge that they are entitled to a new trial because the wife of one of appellees was seen speaking to a juror in the hallway of the courthouse. This contention is without merit. The record indicates that appellants were aware of this alleged incident shortly after it occurred, but raised no objection until after the verdict had been returned. "[I]t is well settled that in order for misconduct of the jury to be cause for a new trial it must affirmatively appear that neither the party complaining nor his counsel had any knowledge of such misconduct before verdict. [Cit.]" *Schmidt v. Parrish*, 63 Ga. App. 663, 664 (2) (11 SE2d 921) (1940).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1993.

*James M. Cranford*, for appellants.
*Moore & Moore, Theron M. Moore, Bradley W. Bledsoe*, for appellees.