A08A2195. ABM REALTY COMPANY v. BOARD OF REGENTS
OF THE UNIVERSITY SYSTEM OF GEORGIA.
(675 SE2d 549)

DOYLE, Judge.

In this condemnation case, ABM Realty Company ("ABM") appeals a judgment entering a jury verdict that ABM lacked a compensable business loss caused by the condemnation of a building by the Board of Regents of the University System of Georgia ("Board").[1] ABM contends that the trial court erred by (1) improp-

---

[1] See OCGA § 22-2-112 (b) (following a special master's award, "[t]he condemnee shall have the right to a jury trial on the issue of just and adequate compensation" for property taken by exercise of eminent domain).

YALE LAW LIBRARY

erly charging the jury as to the legal test for "uniqueness" when evaluating the availability of business loss damages, and (2) granting the Board's motion in limine as to an appraisal by a certain Board expert witness. Because the trial court erred in its instruction to the jury, and because the error was not harmless, we reverse.

The undisputed record shows that in 1998, the Board filed a condemnation action to take real property containing an office building for use by the Board's university system. ABM was a tenant in the building and operated a business as the building property manager and leasing agent for the owners. ABM intervened in the condemnation action and sought business loss damages as a result of the Board's total condemnation of the building. The superior court appointed a special master, who awarded ABM $5,000 as compensation for the loss of its business interest. ABM appealed that award to the superior court, which held a jury trial as to the adequacy of ABM's compensation for the taking. The jury found that ABM lacked the requisite uniqueness required to recover business losses in a condemnation action. ABM now appeals.

1. In a condemnation action, when a business belongs to a lessee separate from the property owner,

> the lessee may recover for business losses as an element of compensation separate from the value of the land whether the destruction of his business is total or merely partial, provided only that the loss is not remote or speculative. In either event, *business losses are recoverable as a separate item only if the property is "unique."*[2]

ABM contends that the trial court erred in its instruction to the jury on the test for determining the uniqueness of the property. We agree.

There are three methods to demonstrate the unique character of property in this context.

> In *Housing Auth. of the City of Atlanta v. Troncalli*,[3] this court stated the first rule as follows: If the property must be duplicated for the business to survive, and if there is no substantially comparable property within the area, then the loss of the forced seller is such that market value does not represent just and adequate compensation to him. The second rule, established in *City of Gainesville v. Chambers*,[4]

---

[2] (Citation omitted; emphasis supplied.) *Dept. of Transp. v. Dixie Highway Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980).

[3] 111 Ga. App. 515 (142 SE2d 93) (1965).

[4] 118 Ga. App. 25 (162 SE2d 460) (1968).

narrowed the *Troncalli* test by requiring that the property have a value particular to the owner incapable of being passed to a third party before the property can be considered unique. The third rule was introduced in *Dept. of Transp. v. Eastern Oil Co.*,[5] wherein this court held that unique properties are generally not of a type bought or sold on the open market. Hence, there is no market value in the ordinary sense of the term, since market value pre-supposes a willing buyer and willing seller, which do not ordinarily exist in such a case. In cases of such a character, therefore, market value will not generally be the measure of compensation. These rules have been merged to include all three concepts as independent criteria under one general rule. Only one of the three criteria need be satisfied in order to authorize recovery of business loss damage. Whether property is unique is a question for the finder of fact.[6]

ABM's enumerated error focuses on the trial court's instruction as to the *Troncalli* test, i.e., whether there is a substantially comparable property within the area. With respect to this test, the trial court charged the jury as follows:

The first criteria or test equates uniqueness with the ability of the business to relocate on similar property where the entire property which the business had an interest is condemned or where the business cannot continue to operate on the remaining property. Under this relocation test, every person who has an established business that cannot be duplicated suffers a loss that is unique to him. If the property in which the business has an interest must be duplicated for the business to survive, and if there is no substantially comparable business opportunity, the loss of the condemnee is such that the market value does not represent just and adequate compensation to him [i.e., the property is unique]. . . . The tests of uniqueness are those which I have outlined above, and *the fact that the evidence may suggest that a condemnee, such as ABM, was having difficulty in replacing the location of its client, [the build-*

---

[5] 149 Ga. App. 504 (254 SE2d 730) (1979).

[6] (Punctuation and footnotes omitted.) *Carroll County Water Auth. v. L. J. S. Grease & Tallow*, 274 Ga. App. 353, 355-356 (3) (b) (617 SE2d 612) (2005).

*ing], in the same general area, the fact of such difficulty is not a test of uniqueness* of its building — business.[7]

ABM challenges the emphasized language in particular, arguing that it misstates the correct test and improperly heightens the burden for showing uniqueness. We agree.

This test for uniqueness has been referred to as the *Troncalli* or the "locality" rule, meaning that the specific locale is part of the test.[8] Cases applying the rule have uniformly treated the particular geographic area of the taken property as an inherent part of the test.[9] For example, in *Fulton County v. Winkles*,[10] this Court held that a jury charge on the locality rule was warranted "because there was testimony from witnesses for both condemnor and condemnee that there was no substantially comparable property *within the area.*"[11] Similarly, in *Dept. of Transp. v. Livingston*,[12] we applied the *Troncalli* test and held that testimony about the unavailability of a "comparable relocation site *in the area*" and "lack of comparable sales *in the area*" sufficed to show the uniqueness of the condemned property for purposes of establishing business losses.[13] Therefore, because the trial court's jury charge here explicitly stated that difficulty relocating the business in the same general area was *not* a test for uniqueness, the trial court's instruction was erroneous. Further, there was evidence of the difficulty of relocating to a comparable site in the area, and the jury was instructed not to consider this as evidence of uniqueness, so the error was not harmless.[14]

We are not persuaded to hold otherwise by a statement in *Almond v. MARTA*,[15] that "[t]he fact that the condemnee was having difficulty in replacing this location in the same general area is not a test of the 'uniqueness' of the building." As this Court later noted in *2.734 Acres of Land*, the *Almond* case addressed the viability of the replacement value of a building as an appropriate measure of damages for the loss of the real estate, and therefore, "[*Almond*] involved the uniqueness of only the real estate, i.e., the building, and *not of* a business in relation to the location of the building as in the

---

[7] (Emphasis supplied.)

[8] See *Fulton County v. Winkles*, 176 Ga. App. 690, 691 (2) (337 SE2d 453) (1985).

[9] See *L. J. S. Grease & Tallow*, 274 Ga. App. at 355 (3) (b); *Winkles*, 176 Ga. App. at 691 (2); *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 544 (3) (309 SE2d 816) (1983).

[10] *Winkles*, 176 Ga. App. at 691 (2).

[11] (Emphasis supplied.) Id.

[12] 202 Ga. App. 67, 68 (1) (413 SE2d 249) (1991).

[13] (Emphasis supplied.) Id.

[14] See *Dept. of Transp. v. Davison Investment Co.*, 267 Ga. 568, 570 (2) (481 SE2d 522) (1997).

[15] 161 Ga. App. 363, 365 (288 SE2d 129) (1982).

present case."[16] Accordingly, the above quoted language in *Almond* does not control here.

2. We next address ABM's remaining enumeration of error, which is capable of repetition at retrial.[17] ABM contends that the trial court erred in granting the Board's motion in limine with respect to a written appraisal of the fee interest in the condemned property done by a Board expert and introduced in the prior proceeding before the special master. In particular, the motion sought to exclude evidence of the appraisal with reference to the fact that the appraisal was done on behalf of the Board.

In *Logan v. Chatham County*,[18] we held that

> all questions relating to the expert's employment by the condemnor would be irrelevant and inadmissible ... [because] [t]estimony as to the original employment was not pertinent to the issues in the case and if admitted over objection would have ... constituted grounds requiring a reversal.[19]

This is because a party is not bound by the rejected opinions of its expert witnesses.[20]

Applying this rule in *Bowers v. Fulton County*,[21] we held that in the event an appraiser employed by the condemnor testifies in a previous trial, evidence "that he was employed by one of the condemnors to make such appraisal is not admissible in evidence where such testimony is sought to be used by the condemnee in the subsequent trial of the case."[22] Therefore, because in that case the appellant sought to introduce the evidence as a whole (the appraisal and the fact that it was done on behalf of the condemnor), "a portion of this testimony was objectionable ... [and] the trial court should not be reversed for denying its admission in evidence. ..."[23] Here, the stated purpose of the motion in limine was to "prevent any evidence in [the] appraisal coming in with reference [to the fact] that the ... appraisal was done ... on behalf of the" Board. Such a

---

[16] (Emphasis in original.) 168 Ga. App. at 545 (3).

[17] See *Worthy v. Kendall*, 222 Ga. App. 324, 326 (2) (474 SE2d 627) (1996).

[18] 113 Ga. App. 491 (148 SE2d 471) (1966).

[19] Id. at 493 (2).

[20] See id.

[21] 122 Ga. App. 45 (176 SE2d 219) (1970).

[22] Id. at 47 (8) (citing *Logan*, 113 Ga. App. 492-493 (2)).

[23] Id. at 47-48 (8).

reference would have been irrelevant and inadmissible; therefore, the trial court did not err in granting the motion.[24]

*Judgment reversed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 16, 2009.

*David E. Betts, Eric A. Kane,* for appellant.

*Thurbert E. Baker,* Attorney General, *Zachary & Segraves, Kenneth L. Levy, Kenneth W. Carpenter,* for appellee.

---

[24] See *Blige v. State*, 264 Ga. 166, 167 (2) (441 SE2d 752) (1994) (the holding in *Logan* "is a correct general statement regarding the use at trial of expert witnesses originally employed by the opposing party," and also applies in other types of cases); *Bowers*, 122 Ga. App. at 47-48 (8); *Dept. of Transp. v. Willis*, 165 Ga. App. 271, 271-272 (1) (299 SE2d 82) (1983); *Logan*, 113 Ga. App. at 492-493 (2).